[No. 6331.  Decided January 30, 1907.]

JOHN STORSETH, *Appellant*, v. FRANK H. FOLSOM,
*Respondent.*[1]

FRAUD—PLEADING—COMPLAINT. A complaint for damages states a cause of action, where it alleges fraudulent representations by defendant that he was the owner of land, and the grant by him, upon consideration, of a license to plaintiff to build a logging road and rollway across the land, whereby the plaintiff was induced to make expenditures in building the same, from which he was excluded by the defendant; and it is no defense that the defendant was not the owner of the land and had no power to grant the license, since the basis of the action is the fraudulent misrepresentations misleading the plaintiff to his prejudice.

[1]Reported in 88 Pac. 632.

CONTRACTS—CONSIDERATION—PLEADING. A complaint alleging that defendant granted plaintiff a license to build a logging road "for a suitable and proper consideration," sufficiently alleges a valuable consideration.

ESTOPPEL—TO PLEAD STATUTE OF FRAUDS—PART PERFORMANCE— PAROL LICENSE. Where defendant falsely represented that he was the owner of land, and for a consideration granted plaintiff a license to construct a logging road thereon, from which he excluded the plaintiff after the incurring of expense, there is such part performance on one side and acceptance of benefit on the other as to estop the defendant from setting up, as a defense to an action for damages, that the agreement was unenforcible under the statute of frauds.

RUDKIN and FULLERTON, JJ., dissenting.

Appeal from an order of the superior court for King county, Gilliam, J., entered March 31, 1906, upon sustaining an objection to the introduction of testimony, dismissing on the pleadings and the opening statement of counsel an action for damages for the revocation of a license. Reversed.

*A. A. Anderson, Russell R. Farrell,* and *Howard M. Hull,* for appellant.

*Kerr & McCord,* for respondent.

DUNBAR, J.—This is an appeal from an order sustaining an objection to the introduction of testimony, and dismissing the action on the pleadings and the opening statement of counsel. The allegations of the complaint are, in substance: (1) That on the 19th day of August, 1903, the appellant was the owner of the N. E. ¼ of the S. E. ¼ of Sec. 7, Tp. 26, N. R. 1 E., W. M., in Kitsap county, and was engaged in the business of cutting, selling, and delivering logs in the general market; (2) that the respondent was engaged in the logging business, and was the owner and in possession of the lands adjoining and near the aforesaid lands of the appellant; (3) that on the above date it became necessary for the appellant to procure a logging road and landing or rollway across lot 3 of said section 7, containing about twelve

acres in all, in order to deliver his logs and timber products in market by way of Hood's Canal; (4) that on the above date the respondent, for a suitable and proper consideration, had and exchanged between them, granted the appellant permission to construct and establish for his needs and use a logging road and landing or rollway across said lands, and then and there falsely and fraudnlently represented to the appellant that he was the owner of said lands and had the right and authority to give and grant such permission; (5) that relying on such false and fraudulent representations, the appellant proceeded to, and did, construct a logging road and landing or rollway across said lands at a cost of $756.66; (6) that in truth and in fact the respondent was not the owner of said lands as he then and there well knew, but the same were the property of one Thomas Ross; (7) that on or about April 20, 1904, the respondent rescinded said license, obstructed said logging road and landing or rollway, and forbade the appellant to longer use the same; (8) that by reason of the rescission of said license, the appellant was compelled to construct a second logging road from his said lands to Hood's Canal, at a cost of $694.19; and (9) that by reason of the premises and of such false and fraudulent representations, the appellant was damaged in the sum of $1,450.85.

We are unable to discover from the record that the statement made by the attorney for the appellant tended in any way to lessen the force or effect of the complaint, and the case will have to be considered on the sufficiency of the complaint. In substance the respondent's legal answer to appellant's complaint is, "You could not have enforced your contract even if the false representations made to you had been true. Therefore, you cannot enforce it now, conceding such representations to be false and fraudulent." This defense, as shocking to the sense of honesty as it seems, might be permitted in certain cases for the purpose of preventing lands

from becoming permanently affected by unreliable and unsafe testimony; and the statute of frauds was enacted for that purpose only. But the interests sought to be subserved and protected by the statute not being involved in this case, the reason for the law does not exist, and the harsh rule should not be applied.

The case relied upon by the respondent, viz: *Hathaway v. Yakima etc. Power Co.*, 14 Wash. 469, 44 Pac. 896, 53 Am. St. 847, is not in point. There the action was to enjoin the permanent operation of a large ditch or waterway across the appellant's lands. The object was to prevent the establishment of a permanent easement which would affect the occupancy and title of the land; and this court held, in common with one line of authorities, that an easement of that kind, based upon a parol license, could not be enforced. Here the effect on the land is not brought in question, and if it were, it would be a matter which does not concern the respondent, for his defense to this action is that he is not the owner of the land and was not at the time the license was granted. This is an action for damages, personal against the respondent, alleged to have been caused by the violation of an agreement made for a consideration between appellant and respondent, and for fraudulent representations upon which appellant acted. The basis of the action is the fact alleged that the appellant was misled to his damage by fraudulent representations of the respondent, and presents a simple case of where a man, by reason of fraudulent misrepresentations, has been induced to make large expenditures of money which will avail him nothing if the license is revoked, and where the party misleading him stood by and saw this expenditure and appropriated to his own use the consideration for the granting of the right, now undertakes to plead immunity because he did not have the right to make the contract upon which the appellant acted.

Again, while the statute of frauds prevents the creation

of an irrevocable license by parol, yet where there has been a part performance of the contract on one side and an acceptance of benefit on the other, the case is taken out of the statute and equity will enforce the licensee's rights. So far as the allegation of consideration is concerned, while the words chosen are possibly not as apt as they might be, we think the language in the complaint, that "the respondent, for a suitable and proper consideration, had and exchanged between them," should be construed to allege a valuable consideration. It must constantly be borne in mind that this is not a suit in equity to enforce an easement upon the land of another, based upon a license, parol or otherwise. The statement in the complaint that the defendant was not the owner of the land, would preclude the plaintiff from bringing such an action. Hence, his only remedy was an action for damages, and the respondent should, under the allegations of this complaint, in all good conscience, be estopped from pleading his want of right to contract. The doctrine of estoppel is an equitable doctrine, and equity is defined by Blackstone to be the correction of that wherein the law by reason of its universality is deficient. And so in this case, where the respondent entered into an agreement with the appellant which was not enforcible at law, received the consideration for such agreement, and stood by and saw the appellant damaged by his reliance on his representations, he ought to be estopped from pleading an unenforcible contract.

The judgment will be reversed, and as an answer had been tendered before the case was dismissed, the case will be remanded with instructions to proceed to trial on the issues made by the pleadings.

HADLEY, C. J., MOUNT, CROW, and ROOT, JJ., concur.

RUDKIN, J. (dissenting)—I feel constrained to disagree with the majority of the court on three propositions dis-

cussed in the foregoing opinion. (1) That there was a consideration for the alleged grant; (2) that the grant was valid in law; and (3) that an action will lie for falsely representing that one has authority to make a grant which is invalid in law.

(1) The complaint alleged that the grant was made for a suitable and proper consideration. This means neither more nor less than for reasons satisfactory to the parties. The nature or kind of consideration, whether good or valuable, is not alleged, the opening statement of counsel practically concedes that there was no consideration, and it is a significant fact that there is no mention of a consideration in the claim for damages. I think, therefore, that the conclusion of the majority that there was a valuable consideration for the grant finds no support in the record.

(2) Whether we call the alleged grant an easement or a mere license, there can be no question that the right to construct and maintain a logging road indefinitely over the lands of another is an interest in real property, within the meaning of Bal. Code, § 4517 (P. C. § 4435), which provides that "all conveyances of real estate, or of any interest therein, and all contracts creating or evidencing any encumbrance shall be by deed." In the case of *Hathaway v. Yakima etc. Power Co.*, cited in the majority opinion, this court held that a parol license to enjoy a permanent privilege on the lands of another is revocable at the will of the licensor even though money has been expended thereunder by the licensee. The majority seek to distinguish that case from the case at bar, on the ground that the use here is not of so permanent a character. This distinction has no foundation in law. Whether you call the grant an easement or a. license, an irrevocable interest in land cannot be created by parol.

"According to the prevailing view of the courts in England and a large number of the courts of the states of the United States, however, neither the execution of the license nor the incurring of expense, nor both combined, affect the right

of the licensor, and he may revoke under all circumstances. It is held that the statute of frauds prevents any act other than the giving of a deed from vesting an irrevocable interest in land." 18 Am. & Eng. Ency. Law (2d ed.), p. 1146.

To that doctrine this court committed itself in the case of *Hathaway v. Yakima etc. Power Co., supra.*

(3) If, as I contend, the alleged grant was void, or revocable at the will of the respondent, the fact that he made false statements as to his ownership of the land is utterly immaterial. He was in possession of the land, granted the license and revoked it. If he was within his legal rights in so doing, it matters not that he made false representations as to his title. The experience of ages has fully demonstrated that oral grants of easements and interest in real property are too often afterthoughts, fortified by perjury. I think that public policy and public morals will be best advanced by an adherence to the statute, even if this court has a discretion in the matter of its enforcement—a discretion, of course, to which I lay no claim. The judgment should be affirmed.

FULLERTON, J., concurs with RUDKIN, J.