[No. 7259. Decided September 29, 1908.]

JOHN STORSETH, *Appellant*, v. FRANK H. FOLSOM, *Respondent*.[1]

FRAUD—DAMAGES. The measure of damages for obstructing a logging road built partly on the lands of another in reliance upon fraudulent representations by defendant that he was the owner of the land, includes only that portion of the road built on the land in question, or at most, the part of the road that was rendered valueless by the obstructions.

DAMAGES—EVIDENCE—SUFFICIENCY—TRIAL—NONSUIT. In an action for damages for obstructing portions of certain logging roads, the measure of which was plaintiffs expense in building the portions of the roads obstructed, a nonsuit is properly ordered where the only evidence of damage was the entire cost of building the roads, and plaintiff persistently refused to give any evidence or estimate of the cost of the portions of the road in question.

APPEAL—REVIEW—HARMLESS ERROR—DAMAGES. In an action for substantial damages, it is not prejudicial error to grant a nonsuit where the plaintiff was entitled to only nominal damages.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered November 29, 1907, granting a nonsuit at the close of plaintiff's testimony, in an action in tort. Affirmed.

*Russell R. Farrell*, for appellant.

*Kerr & McCord*, for respondent.

RUDKIN, J.—This case was before this court on a former appeal where a statement of the issues will be found. *Storseth v. Folsom*, 45 Wash. 374, 88 Pac. 632.

The substance of the allegations of the complaint is that the plaintiff was the owner of a certain forty-acre tract of timber land, in Kitsap county, and was engaged in the logging business; that the defendant falsely and fraudulently represented that he was the owner of a certain fractional

[1]Reported in 97 Pac. 492.

twelve-acre lot lying between the land so owned by the plain-
tiff and the waters of Hood's Canal; that in his logging
operations it became necessary for the plaintiff to construct
a logging road across this twelve-acre lot, in order to drive
his timber products to market by way of Hood's Canal; that,
for a suitable and proper consideration, it was agreed be-
tween the plaintiff and the defendant that the plaintiff should
be granted the right and privilege to construct and maintain
a logging road over the twelve-acre lot for the purposes
aforesaid; that, relying on the representations and promises
so made, the plaintiff constructed said logging road at a
cost of $756.66; that in truth and in fact the defendant was
not the owner of said twelve-acre lot, and the representations
so made were false and untrue; that thereafter the defendant
rescinded the license so granted, and obstructed and closed
said logging road over said twelve-acre lot; that, in order to
reach the waters of Hood's Canal, the plaintiff was compelled
to, and did, construct a second logging road around said
twelve-acre lot at a cost of $694.19. The complaint prayed
judgment for the sum of $1,450.85, being the aggregate
cost of constructing both roads.

On the former trial, an objection to the introduction of
testimony under the complaint was sustained, and a judg-
ment of nonsuit entered. That judgment was reversed on
appeal to this court. *Storseth v. Folsom, supra.* On the
trial from which the present appeal is taken, a nonsuit was
again granted at the close of the plaintiff's testimony, and
the plaintiff has again appealed.

The chief contention of the appellant is that the court on
the second trial disregarded the rulings of this court on the
former appeal. The record does not sustain this contention.
The appellant seems to contend that on the former appeal
this court not only ruled that the complaint stated a cause of
action in his favor, but that he was entitled to recover the
several items of damage therein claimed. From the forego-
ing statement of the case, it will appear that the appellant

asserted the right to recover the cost of constructing both roads. Such contention is wholly without merit, and this court announced no such measure of damages on the former appeal. A majority of the court did hold that the appellant was entitled to recover the damages sustained by him by reason of his reliance upon the representations and promises made by the respondent. This would include the moneys expended in the construction of that portion of the road lying within lot 12, or at most that portion of the road which was rendered valueless by the obstructions placed upon lot 12. An examination of the record convinces us that the court admitted all competent testimony bearing upon that issue.

The testimony of the appellant is in a measure unintelligible, as he often refers to points and places such as "here" and "there," while the record does not disclose the points or places referred to; but a reference to the plat offered in evidence by the appellant shows that the first roads and their branches, constructed by him over lot 12 and the forty-acre tract owned by him, were about two hundred and fifty rods in length, assuming that the plat is drawn according to scale. Of these roads and branches, approximately fifty rods were constructed on the twelve-acre lot and two hundred rods on the land owned by the appellant himself. After the first roads were obstructed on the twelve-acre lot, the appellant constructed a second system of roads over his own land, and around the north end of the twelve-acre lot. These second roads intersected the first roads at a point on the appellant's land about fifty rods from Hood's Canal. The only obstructions placed on the first system of roads was on the twelve-acre lot, and from this it becomes apparent that the greater portion of the roads first constructed by the appellant was on his own land, was not obstructed by the respondent, and the value and utility of the roads were in no manner impaired or lessened by any act of the respondent. Notwithstanding this fact, the only evidence of damage offered by the appellant was the entire cost of constructing the old

roads, both on his own land and upon the twelve-acre lot—
those which were not obstructed as well as those which were
obstructed—and he persistently refused to give any testimony
or estimate as to the moneys expended upon, or damages to,
those portions of the roads obstructed and rendered value-
less.   Under this state of facts, there was nothing upon which
a verdict could be based or a judgment sustained for more
than nominal damages, and the court did not err in with-
drawing the case from the consideration of the jury.
Whether it should have directed a verdict for nominal dam-
ages we need not inquire, as no error can be predicated on its
failure so to do.   *Woodhouse v. Powles*, 43 Wash. 617, 86
Pac. 1063, 8 L. R. A. (N. S.) 783.

There is no error in the record, and the judgment is af-
firmed.

HADLEY, C. J., FULLERTON, MOUNT, ROOT, and CROW,
JJ., concur.