[No. 28953. Department One. April 8, 1943.]

NORTHWEST CITIES GAS COMPANY, *Appellant,* v. WESTERN FUEL CO., INC. *et al., Respondents and Cross-appellants.*[1]

[1]Reported in 135 P. (2d) 867.

*Rigg, Brown & Halverson,* for appellant.

*Velikanje & Velikanje,* for respondents and cross-appellants.

STEINERT, J.—Upon remittitur from this court on a former appeal in this case, the superior court for Yakima county entered a decree establishing, determining, and at the same time confining, the location and limits of a prescriptive easement of right of way for use by the plaintiff, Northwest Cities Gas Company, across certain lands of the defendant Western Fuel Co., Inc. Deeming itself aggrieved by the decree, and asserting that it established an easement of lesser width than that directed by the remittitur, the plaintiff appealed. The defendants, also deeming themselves aggrieved by the decree, and contending that it established an easement of greater width than that indicated in the remittitur, perfected a cross-appeal. We shall hereinafter refer to the plaintiff as appellant, and to the cross-appealing defendant corporation as though it were sole respondent.

The facts out of which this controversy arose are set forth at length in *Northwest Cities Gas Co. v. Western Fuel Co., Inc.,* 13 Wn. (2d) 75, 123 P. (2d) 771, in which the appellant here was respondent, and the present respondent was appellant. In that case, two questions were presented for decision: (1) Whether, under the facts therein stated, the appellant here, Northwest Cities Gas Company, became entitled by prescription to a right of way of any width whatever over this respondent's property; and (2), if so, to what width the right of way extended. Our answers to both questions are reflected in the concluding paragraph of that opinion, reading as follows:

. "The cause will be remanded to the superior court with direction to enter a decree establishing in respondent [appellant here] a prescriptive easement of right of way across appellant's [the present respondent's] premises, running through the fenced lane thereon and having a width of *not more than twenty feet.*" (Italics ours.)

Subsequent to the filing of the remittitur on the former appeal, the appellant herein presented to the trial court a proposed decree which provided that appellant was entitled to a prescriptive right of way across respondent's property to a width of *twenty feet,* being ten feet on each side of a center line established through the middle of the traveled portion of the roadway then in use. At the same time, respondent presented a proposed decree which limited the prescriptive easement to a width varying from nine to twenty feet at different points along the roadway, as determined by the well-defined wheel tracks at those points.

After some discussion between the trial judge and counsel with reference to the meaning and effect of the opinion on the former appeal, the litigant parties introduced further evidence in support of their respective contentions. At the conclusion of the hearing, the trial court refused to sign either of the proposed decrees in the form submitted and, instead, entered a decree fixing and establishing an easement of varying width, which followed longitudinally the course proposed by the respondent, expanded by an extra eighteen inches on each side of the road to allow for the "over-hang" of trucks, the extreme width of the easement, however, being limited to twenty feet.

The present dispute between these litigants arises out of that portion of our former opinion which directed the trial court to establish in the appellant (respondent there) a prescriptive easement of right of way having "*a width of not more than twenty feet.*" Appellant

contends that by this language is meant an easement having a constant width of twenty feet throughout its course across respondent's land, a linear distance of approximately four hundred forty-five feet. Respondent's contention is that the language must be interpreted to mean an easement limited strictly to the roadway as actually used by the appellant during the prescriptive period. The trial court adopted the general theory of the respondent, except that it extended the width of the easement eighteen inches on each side of the roadway for the purposes above mentioned, the total width in no instance to exceed twenty feet.

We do not agree entirely with the contentions of either party nor wholly with the result of the trial court's decree. We shall endeavor in this opinion to state our view in such a way as not only will dispose of the contentions of both parties, but also will enable the trial court to enter a decree which shall fix precisely the limits of the easement.

It has been suggested by the parties herein that the directive provision in our former opinion is ambiguous in that, instead of fixing the width definitely at a specific number of feet, it uses the expression *"a width of not more than twenty feet."* We resorted to that particular phraseology deliberately, and not from lack of consideration, for the reason that the evidence, as contained in the record then before us, did not permit us to fix with precision the exact width of the acquired easement. The issue upon that question on the former appeal was not with reference to the exact width of the roadway used by the appellant, but, rather, whether appellant was entitled, as it contended, to an easement of right of way along and coincident with a fenced lane *forty-eight feet in width,* or, as contended by respondent, to an easement having an approximate width of only twenty feet or less, according to the use actually

made of the roadway by the appellant during the pre-
scriptive period.

The evidence on the former appeal was very indef-
inite as to the exact width of the road used by appel-
lant. Some of the witnesses testified that it ranged
from ten to twenty feet; others were still more in-
definite, merely saying that it was *not more* than twenty
feet. There was also a good deal of uncertainty as to
the exact location of the road, for it appeared that dur-
ing the years it had been shifted in one direction or
another. For these reasons, we were of the opinion
that the cause should be remanded and the trial court
permitted to ascertain and determine as best it could
the exact location of the roadway within the fenced
lane and the exact width of the easement acquired.

Since then, additional evidence has been taken, and
the points of difference between the parties have been
made more capable of solution and adjustment.

The question with which we are now immedi-
ately concerned has reference to the exact extent of
the rights acquired by appellant through prescriptive
use. The law applicable to that question was settled
in the former opinion. The rule as set forth therein
and as established by the great weight of authority is
stated in 28 C. J. S. 751, Easements, § 74, as follows:

"Where an easement is acquired by prescription, the
extent of the right is fixed and determined by the user
in which it originated, or, as it is sometimes expressed,
by the claim of the party using the easement and the
acquiescence of the owner of the servient tenement."

See, also, 28 C. J. S. 768, Easements, § 89; 17 Am.
Jur. 997, Easements, § 100; 2 Thompson, Real Property
(Perm. ed.), 118, § 527.

There was ample evidence submitted at the
original hearing of this case, and also at the subsequent
hearing, to the effect that, throughout the period of pre-

scription, vehicles traveled in both directions and customarily passed each other wherever they met, at any point along the road. There was no evidence to the contrary, and it is obvious that the purposes for which the road was actually used by the appellant and the public would necessarily result in frequent meetings of vehicles going in opposite directions. The user in which the easement by prescription originated in this case included not merely the right, or claim of right, to proceed in one direction at any one time, but, rather, to proceed in both directions at any and all times. To do so, necessarily required sufficient width of road in which to pass, whatever that width might be; and to restrict the appellant to a lesser width would necessarily deprive it of the reasonable use of the right acquired.

In *Van de Vanter v. Flaherty,* 37 Wash. 218, 79 Pac. 794, which involved the acquisition of a prescriptive right of way over private property, this court, speaking through Judge Rudkin upon a similar question, said:

"Complaint is also made that there was no testimony to support the finding that the roadway used was twenty feet in width. A right of way by grant, which is not limited in the grant itself, *or a right of way by prescription, is bounded by the line of reasonable enjoyment. Everett Water Co. v. Powers, ante* p. 143, 79 Pac. 617. When the case is remanded, the court below can ascertain and fix the width of the roadway, in accordance with the rule above announced." (Italics ours.)

In *Foreman v. Greenburg,* 88 W. Va. 376, 106 S. E. 876, the court, having before it a situation similar to the one here, said:

"That part of the decree requiring the way so acquired by prescription to be of a width sufficient to permit the passage of two vehicles moving in opposite

directions seems not to be unreasonable when considered in the light of the evidence. When an easement has been acquired in such manner, the extent of the right so acquired is measured and determined by the extent of the user out of which it originated."

See, also, *Hawley v. McCabe*, 117 Conn. 558, 169 Atl. 192; *Burnham v. Burnham*, 132 Me. 113, 167 Atl. 693; *Ferguson v. Standley*, 89 Mont. 489, 300 Pac. 245.

We are satisfied, from all the evidence thus far produced upon this controversy, that the appellant established its claim to an easement of right of way across respondent's property of sufficient width, not exceeding twenty feet, to enable traffic using the roadway to pass at any point thereon. What that width necessarily is, we do not say, but will leave it to the trial court to ascertain and determine from all the facts and circumstances reasonably to be considered.

The decree is reversed and the cause remanded, with direction to the trial court to ascertain and determine the location and width of the easement of right of way in accordance with the views herein expressed. Neither party will recover costs on this appeal.

SIMPSON, C. J., BLAKE, JEFFERS, and MALLERY, JJ., concur.