[No. 33109. Department Two. January 31, 1955.]

P. C. MILLARD et al., Appellants, v. ARTHUR GRANGER, Respondent.[1]

[1]Reported in 279 P. (2d) 438.

*Baldrey & Peach,* for appellants.

*J. W. Kindall* and *Lester C. Voris,* for respondent.

MALLERY, J.—The trial court entered a judgment providing, *inter alia*:

"1. That the road over which defendant and the public travel through such of plaintiffs' lands as the road may extend on Lummi Island in Whatcom County, Washington, has ripened into a public road by prescription, and is hereby declared to be a public highway by prescription.

"2. That plaintiffs have no right to close or obstruct said road and are hereby forever enjoined from so doing."

The plaintiffs appeal, and contend that the record establishes that the public use of the road was permissive, rather than adverse, and, hence, there could be no public road by prescription.

The road in question was built in 1942 by the Sound Logging Company, which operated extensively on Lummi Island. Appellants' predecessor in interest, by written instrument, authorized the construction and use of the road for logging for a period of five years. The Sound Logging Company continued its operations well into the ten-year period required for the acquisition of prescriptive rights. The company, the appellants, and appellants' predecessor in interest all freely permitted the use of the logging road by the public, but imposed certain conditions upon the manner of its use. The Sound Logging Company erected a gate across the road north of appellants' property to induce a proper regard for the fire hazard. Keys to the lock on it were available to anybody desiring to use the road. While the gate was not on appellants' land, its existence and purpose affected the character of the entire road, of which appellants' road is merely a part.

Appellants established a wild-fern farm shortly after they acquired their land. Dust raised by rapidly moving vehicles injured their ferns at a certain season of the year. Accordingly, they stretched a cable across their road and furnished keys to the lock on it to everyone desiring them. Anyone could use the road who would drive slowly in order to

minimize dust damage. The purpose of both of the gates in question was known to everyone and acquiesced in by all who used the road.

The existence of the gates is conclusive as to *permission* to use the road. An owner need not give notice to the public of permission to use his land. Any kind of effective notice, however, can have conclusive evidentiary value upon the question of permissive use. The gates, in this case, were notice to the world that the road was not a public road. See *Lopeman v. Hansen*, 34 Wn. (2d) 291, 208 P. (2d) 130. The furnishing of keys to the gates was an overt permission to use the road. In no sense was it a denial of permission, but merely a condition put upon it.

Any possible presumption of a lost grant, in this case, is rebutted by the written instrument, permissive in its nature, under which the road was built. 4 Tiffany, Real Property (3d ed.) 558, 559. *State ex rel. Shorett v. Blue Ridge Club, Inc.*, 22 Wn. (2d) 487, 156 P. (2d) 667.

To hold that permissive use of a road could ripen by the lapse of time into prescriptive rights, would put a premium upon harsh and selfish conduct and penalize neighborly accommodation.

The judgment is reversed.

HAMLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.