[No. 33497. Department One. June 21, 1956.]

EMMA SCOTT, *Appellant*, v. LOUISE WALLITNER, *Respondent*.[1]

[1]Reported in 299 P. (2d) 204.

*Dailey & Conroy,* for appellant.

*Clarence J. Coleman,* for respondent.

SCHWELLENBACH, J. — Emma Scott commenced action against Louise Wallitner alleging that she (Emma Scott) was the owner and entitled to the possession of the N. W. ¼ of the S. W. ¼ of section 34, township 32, NR 6, E.W.M.; that, at the time she acquired the property, there was excepted from the description thereof a fifty-foot right of way for a logging railroad, which constituted an easement only, and that the railroad had long since been abandoned; and that Louise Wallitner claimed title to the right of way by virtue of a quitclaim deed executed to her. The plaintiff claimed title to the right of way on two grounds: first, that the deed to the right of way created an easement only; and, second, adverse use of the property for over the statutory period after the railroad had been abandoned. The trial court dismissed the action with prejudice at the close of plaintiff's case, and this appeal follows.

The question of adverse possession was not presented in the brief or in oral argument, and we are only concerned in this appeal with whether or not the deed to the right of way constituted an easement.

█ This question ordinarily arises in situations such as the following: A owns a section of land. B wishes to construct a railroad over and across the land. A executes a deed to B for the railroad right of way. It may be the intention of the parties that B is to receive an easement only—a right to use the land for the purpose of operating a railroad thereon. On the other hand, it may be their intention that B is to receive a fee in the land conveyed—to become its owner. The intention of the grantor may be determined from the language contained in the granting clause of the deed, the circumstances surrounding its execution, and the subsequent conduct of the parties with relation thereto. See *Morsbach v. Thurston County,* 152 Wash. 562, 278 Pac. 686; *Swan v. O'Leary,* 37 Wn. (2d) 533, 225 P. (2d) 199; Annotation, 132 A. L. R. 142. If it is the intention of the parties

that the grantor convey an easement only, upon abandonment of the railroad, the right of way reverts to the grantor or his successor in interest.

However, the above rule is only incidentally applicable to the problem herein involved, as will be seen from an examination of the record.

April 27, 1909, the Seattle Cedar Lumber Manufacturing Company conveyed by warranty deed several tracts of land (including the twenty acres herein involved) to the Ebey Logging Company. The Ebey Logging Company constructed a logging railroad over and across these lands, including the land involved herein.

June 28, 1927, the Ebey Logging Company conveyed by warranty deed to the Canyon Lumber Company the logging railroad which it had constructed, and conveyed: "Also a strip of land fifty feet in width, being twenty-five feet on each side of the center line of said railroad track as the same is now located and exists on all of the above described lands in Township 32 North, Range 6 East, W. M." (The description includes the north half of the south half of section 34.)

June 15, 1937, the Canyon Lumber Company quitclaimed to the Soundview Pulp Company "a strip of land fifty feet in width, being twenty-five feet on each side of the center line railroad right of way, formerly owned by the Ebey Logging Company, a Washington corporation, as constructed and located over and across the following described subdivision." (The description of the property involved herein is included.)

November 12, 1946, the Soundview Pulp Company quitclaimed to respondent: "Logging railroad right-of-way, formerly owned by Canyon Lumber Company, being 50 feet in width, being 25 feet on either side of the logging railroad as formerly constructed, . . ." (Then follows legal description.)

In the meantime, on December 19, 1927, the Ebey Logging Company quitclaimed to Eyre Shingle Company all of its other lands situated in Snohomish county, "excepting therefrom any lands or interest therein heretofore conveyed by the grantor to parties other than the grantor."

April 20, 1930, the Eyre Shingle Company conveyed by warranty deed to Fred Patrick, the

"East Half (E ½) of the North West Quarter (NW ¼) of the South West Quarter (SW ¼) of Section thirty four (34) township Thirty-two (32)—Range Six (6) East— containing 20 acres more or less.

"Excepting a 50 foot right-of-way being 25 feet on either side of the center line of the Logging Railroad as now constructed . . ."

We shall not burden this opinion by quoting any more deeds. Patrick conveyed to the Arlington State Bank and the bank to Fred Eirvine, who, in turn, conveyed to appellant. Each conveyance contained an exception identical in language to the one contained in the deed to Patrick.

■ It will be noticed that in none of these transactions was there a grant of a right of way for the purpose of building a railroad thereon. Here the Ebey Logging Company purchased several tracts of land. As a part of its operations, it built and operated a logging railroad thereon. It carved the right of way out of its own lands. When it completed its operations, it deeded the railroad and the right of way thereof to the Canyon Lumber Company. It subsequently deeded all other lands to the Eyre Shingle Company. In doing so, it was particular to except any lands theretofore conveyed to anyone else. From that point on, one set of conveyances conveyed the right of way and the other set conveyed land except the right of way. There can be no doubt that the intent of the grantors of the right of way was to convey the land and not to convey an easement or right therein.

The judgment is affirmed.

HAMLEY, C. J., DONWORTH, FINLEY, and OTT, JJ., concur.