[No. 37513.   Department One.   May 27, 1965.]

ROBERT L. CHRISTENSEN, *Respondent,* v. COLUMBIA ACCEPTANCE CORPORATION, *Appellant.**

*Wayne A. Wyman* (of *Burkheimer, Cavender, Wyman & Curtis*), for appellant.

*Ramon E. Brown,* for respondent.

HUNTER, J.—This appeal arose from a judgment in favor of the plaintiff, Robert L. Christensen, against the defendant, Columbia Acceptance Corporation, resulting from an

*Reported in 402 P.2d 497.

alleged wrongful detention of the plaintiff's fishing boat by the commencement of foreclosure proceedings thereon by notice and sale.

In April, 1961, the plaintiff borrowed $5,000 from the defendant, to whom he executed a note in the sum of $5,986.95, including interest and finance charges. The note was payable in one installment of $167.85 and 35 monthly installments of $166.26, and was secured by a chattel mortgage on plaintiff's fishing boat, which was to be used for charter fishing at Westport.

At the end of the fishing season in 1962, the boat was returned to Seattle. On December 13, 1962, the defendant, contending that the plaintiff was in default, delivered a letter to the plaintiff stating that the plaintiff was in default and setting forth the reasons and including the following statement and proviso:

> We will extend the time for payment in full provided (1) you leave the boat in our custody, (2) pay $40 for the November payment and $40 for the December payment and resume your regular payments in January. Failure to agree to these conditions will result in immediate foreclosure.

The plaintiff thereafter paid $40 for the months of November and December, 1962, and resumed making the regular monthly payments in January. The boat was moored at the Fremont Boat Company moorage designated by the defendant. In April, the plaintiff sought to remove the boat to a moorage in Lake Washington where it would be more convenient to prepare the boat for the approaching fishing season in Westport. Mr. Freeman, owner of the moorage, would not permit the removal, acting under the directions of the defendant. The plaintiff at that time stated, "For all the good it is doing me it might as well be burned."

The defendant thereupon commenced foreclosure of the chattel mortgage by notice and sale. The plaintiff then commenced this action in which he sought (1) to restrain the sale, (2) return of the boat, and (3) damages for the alleged wrongful detention.

The defendant answered and cross claimed, contending that the plaintiff was in default under the note and chattel mortgage, that it deemed itself insecure, and requested judgment for the balance due on the note and foreclosure on the chattel mortgage in satisfaction thereof.

It was the plaintiff's contention that he was at no time in default, by reason of an agreement and waiver by the defendant of strict performance under the contract. The plaintiff further contended that the offer or proviso in the letter of December 13 was neither accepted nor binding upon him; that the defendant previously had agreed that the installments be reduced to interest payments only in the amount of $40 for the months of November and December; that he did not place the boat in the custody of the defendant, but made arrangements directly with Mr. Freeman to care for the boat and paid to him the moorage fees.

At the conclusion of the trial, the court found that the plaintiff was not in default under the contract; that the occasions of making $40 interest payments only were by agreement of the defendant; that there was no provision for the acceleration of the note and chattel mortgage in the event and for the reason that the mortgagee should deem itself insecure; that the defendant had no reasonable ground to deem itself insecure by reason of any peril with respect to the security, or by any act or omission of the plaintiff; and that the fishing boat was wrongfully detained by the defendant at the time of commencement of the mortgage foreclosure proceedings by notice and sale on April 8, 1963. The trial court entered judgment directing the return of the boat to the plaintiff free and clear of liens and charges of third parties; awarded the plaintiff $900 damages against the defendant resulting from the wrongful detention of the boat; determined the plaintiff to be in good standing under the note and chattel mortgage, and directed the installments and interest accrued since April 7, 1963 to be paid the day following the satisfaction of judgment. The defendant appeals.

■ The foregoing contentions of the parties on the issue of the wrongful detention of the boat constitute a factual dispute. This was resolved by the trial court in favor of the plaintiff. There is substantial evidence in the record to support this determination, which we will not disturb on appeal. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959).

■ The defendant contends that the damages for the wrongful detention of the fishing boat, in the sum of $900, are excessive. The record discloses this award was based upon the loss of net earnings of $75 per week for 12 weeks, which was well within the range of the evidence. The damages awarded, therefore, are not excessive.

■ The defendant further contends that the trial court erred in ordering the return of the boat free from third party claims and in declaring the plaintiff in good standing under the mortgage. We disagree. The trial court was entitled to restore the plaintiff to his status under the note and mortgage as of the date of the wrongful detention of his mortgaged property by the defendant.

The judgment is affirmed.

ROSELLINI, C. J., HILL and OTT, JJ., and RYAN, J. Pro Tem., concur.