[No. 37617. Department One. January 20, 1966.]

HOPE L. REED, *Appellant*, v. FAITH DEEGAN, *Respondent.**

*T. David Gnagey*, for appellant.

*Pool & Kinnie*, for respondent.

BARNETT, J.†—Plaintiff (appellant) brought this suit against defendant (respondent) to quiet title in and to the use of a driveway alleged to have been acquired by prescription. The case is before us on a short record. The suit was dismissed at the conclusion of plaintiff's case.

Plaintiff is the owner of Lot 2; defendant the owner of Lot 3. These properties lie adjacent to one another facing Montgomery Street in the city of Spokane. The driveway in question is located entirely on defendant's Lot 3. It appears from the agreed statement of facts that in about 1928 a "curb drop" was installed to accommodate access to the driveway from the street. This improvement was paid for by the owner of Lot 2, plaintiff's husband, since deceased. At that time, according to the testimony of one Jerome Jackman, the then owners of the two properties agreed that the owner of Lot 2 would be allowed to use the driveway located on Lot 3 to reach the rear of his property.

*Reported in 410 P.2d 2.

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38) state constitution.

The trial court determined that, by this agreement, the owner of Lot 3 gave *permission* to his neighbor to use the driveway. Since that time, the driveway has been used by the owner of Lot 2 openly, notoriously, continuously, and with the knowledge of the owner of Lot 3. It is agreed that, in reliance on his use of the driveway, the owner of Lot 2 constructed a garage on the line between the two properties. It was the further determination of the trial court that the continued use of the driveway was permissive only, and could not have ripened into a prescriptive easement.

It is first contended by plaintiff that the trial court erred when it construed the testimony of witness Jackman as constituting proof of a permissive use of the driveway. We disagree. The witness testified as follows:

> [W]hen the street was graded and sidewalk was put in he had an agreement with the owner of the property . . . that if he would put in the driveway, and so forth, that he could have the use of it as long as he wished. . . . Mr. Reed [the owner of Lot 2] told me that he put the driveway in with the owner's permission when they graded and put a sidewalk in the street. . . . The Court: And Mr. Reed told you that he put this driveway in with the owner's permission? A. Yes.

The above testimony supports the conclusion of the trial judge that the initial use was permissive, and that it has continued as such since that time. We have held that if the use is initiated by permission, it does not ripen into a prescriptive right unless there has been a distinct and positive assertion by the dominant owner of a right hostile to the servient estate. *Gray v. McDonald*, 46 Wn.2d 574, 283 P.2d 135 (1955).

Plaintiff relies heavily on *Anderson v. Secret Harbor Farms*, 47 Wn.2d 490, 288 P.2d 252 (1955), for the proposition that one can establish an adverse use without committing some violent act of hostility. That case, where there was merely a presumption that the initial use was permissive, is not apposite here, where there is positive evidence establishing the permissive character of the initial

use. *Millard v. Granger,* 46 Wn.2d 163, 279 P.2d 438 (1955), cited in *Anderson, supra,* is authority for the proposition that if express permission is given to use a right of way, user does not ripen into a prescriptive right simply by lapse of time.

Judgment affirmed.

ROSELLINI, C. J., WEAVER, HUNTER, and HALE, JJ., concur.