[No. 38438.    Department One.    May 5, 1966.]

RICHARD E. ORMISTON, *Appellant,* v. ROY BOAST *et al.,*
*Respondents.**

J. P. *Tonkoff* (of *Tonkoff, Holst & Hanson*), for appellant.

*Leavy & Taber,* by *D. E. Taber,* for respondents.

HILL, J.—The plaintiff claims the right to use a 20-foot
roadway, established in 1946, running north and south

*Reported in 413 P.2d 969.

along the boundary line between two 80-acre tracts. It connects at its northern terminus with a public road running east and west along the north boundary lines of the two eighties. and its southern terminus is another public road running east and west along the south boundary lines of the two eighties.

The plaintiff owns the north half of the west eighty (herein called Tract A); and the defendants own the south half of the west eighty (herein called Tract C) and all of the east eighty (herein called Tract B)[1].

. The defendants in February 1964 informed the plaintiff that he could no longer use the roadway, and threatened to plough the roadway and destroy it. The plaintiff brought this action to secure a permanent injunction to prevent the defendant from destroying the roadway, or interfering with the plaintiff's use thereof.

When the roadway was established, the plaintiff owned Tract A, and Tracts B and C were in separate ownerships. The defendants acquired Tract B in 1953 and Tract C in 1956.

The trial court found that the plaintiff had not established any interest in or easement for road purposes over the property of the defendants and dismissed the action.

The appeal is primarily factual, and the substance of it is that the plaintiff disagrees with the findings of the trial court. As explained in *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959), and many times since, we do not retry factual issues, and our examination of the record where a finding of fact is challenged, goes no further than to determine whether there is substantial evidence to sustain that finding. *Christensen v. Columbia Acceptance Corp.*, 66 Wn.2d 347, 402 P.2d 497 (1965); *Safeco Ins. Co. of America v. Pacific Indem. Co.*, 66 Wn.2d 38, 401 P.2d 205 (1965); *Harris v. Rivard*, 64 Wn.2d 173, 390 P.2d 1004. If there is substantial evidence

---

. [1]This acreage is not exact but it gives anyone, desiring to prepare a sketch to better understand the situation, sufficient information for illustrative purposes.

to support a finding, it becomes a verity so far as we are concerned.

The plaintiff's first contention is that at the time the roadway was first established, it was agreed by the then owners of Tracts A, B, and C that the owners of A and C would give the easterly 10 feet of their tracts, and the owner of Tract B would give the westerly 10 feet of his tract for the 20-foot north and south roadway in question.

■ RCW 64.04.010 provides that "Every conveyance of real estate, or any interest therein, . . . shall be by deed." An easement is certainly an interest in land. *Bakke v. Columbia Valley Lumber Co.,* 49 Wn.2d 165, 298 P.2d 849 (1956). No conveyances were ever exchanged, or even contemplated.

If such an oral agreement as the plaintiff urges upon the court was in fact made, it should be remembered that statutes requiring such agreements to be in writing are passed so that this kind of misunderstanding might be avoided. RCW 64.04.010 has already been quoted. RCW 19.36.010 provides that every agreement which by its terms is not to be performed in one year from the making thereof, shall be void if not in writing.

■ We said in *Granquist v. McKean,* 29 Wn.2d 440, 445, 187 P.2d 623 (1947):

> The first requirement of the doctrine that part performance of an oral contract exempts it from the provisions of the statute of frauds is that the contract be proven by evidence that is clear and unequivocal and which leaves no doubt as to the terms, character, and existence of the contract. [Citing cases.]
> A mere preponderance of the evidence is not sufficient.

The evidence was not only sharply conflicting, but that which was favorable to the plaintiff was lacking in specific details as to duration and other terms. The conduct of the parties was consistent with the findings of the trial court that the arrangement for the road between the owners of the property in the fall of 1946 was nothing more than a

permissive use at the sufferance of each party involved, and that such situation never changed from its inception.

We cannot say that the trial court erred in making that finding; and certainly there is no basis for any finding that would take the claimed agreement out of the operation of the statute of frauds. There is no basis for the claim of an enforceable oral contract.

The plaintiff also claims a prescriptive right to use the roadway.

■ The trial court's finding of a permissive use at the inception of the roadway makes it impossible for the plaintiff to succeed on the theory of a prescriptive right by adverse possession. "If *express* permission is given to use the right of way, user does not ripen into a prescriptive right simply by lapse of time." *Anderson v. Secret Harbor Farms,* 47 Wn.2d 490, 494, 288 P.2d 252 (1955); *Millard v. Granger,* 46 Wn.2d 163, 279 P.2d 438 (1955); *Buckley v. Dunkin,* 131 Wash. 422, 425, 230 Pac. 429 (1924). In the last cited case we quoted from Jones on Easements as follows:

" . . . If permissive in its inception, then such permissive character being stamped on the use at the outset, will continue of the same nature and no adverse user can arise until *a distinct and positive assertion of a right hostile to the owner, and brought home to him,* can transform a subordinate and friendly holding into one of an opposite nature, and exclusive and independent in its character."

Beginning with a permissive use, "no distinct and positive assertion of a right hostile to the owner and brought home to him" appears in this record.

It is claimed that the trial court erred in finding that within the 10-year period, *i.e.,* in 1954, in 1956, and every year thereafter, a fence was placed across the roadway in question by the defendant or his predecessors in interest, that prevented the use of the road by the plaintiff and was an interference with his claimed continuous and uninterrupted use of the road.

There is substantial evidence to support the finding. We make no effort to marshall the evidence in support of the finding, as it is our view that in any event the plaintiff's use was permissive throughout the entire period.

The plaintiff also urges that the defendant was estopped from denying that there was an existing road by agreement or by prescription because the defendants solicited a contribution from the plaintiff for graveling the road.

In 1954 the roadway became very dusty and the defendants suggested that plaintiff and defendants each contribute $100 for graveling the road, and this was done.

We see nothing significant in parties who each own half of a roadway, which they jointly use, sharing expenses in the graveling thereof to keep down the dust. There is nothing that can be regarded as the intentional relinquishing of any right by the defendants, or the inducing of any act by the plaintiff that constituted a change of position, or that was prejudicial to him. There is no claim but that both parties received all the benefits expected from the money expended.

The defendants expressly disclaimed in their brief, and in argument before this court any intention to deny the plaintiff the right to use a drainage ditch which crosses Tract C and to some extent parallels the roadway in question. In reliance on their disclaimer, we refrain from a discussion of that issue.

The plaintiff having failed to establish any right to use the roadway in question on any of the claimed bases, i.e., an oral contract, a prescriptive right, or an estoppel, the trial court properly dismissed the action.

ROSELLINI, C. J., OTT and HUNTER, JJ., and WARD, J. Pro Tem., concur.