[No. 51-40466-3.    Division Three.    April 29, 1970.]

CATHERINE MAHON, *Appellant,* v. RALPH E. HAAS, SR., *et al.,* *Respondents.*

*Charles T. Sharp,* for appellant.

*S. Dean Arnold,* for respondents.

EVANS, C. J.—Plaintiff, Catherine Mahon, brought this action seeking damages for trespassing upon land she had recently purchased. Defendants answered claiming the right by prescriptive use to travel as a public right-of-way over the land upon which they were accused of trespassing.

The trial court found the disputed area subject to a prescriptive easement for general use and travel in favor of the public and in favor of defendants Haas, free and clear of any claim or right by plaintiff except the right to use and travel the same as a member of the general public. The court also required plaintiff Mahon to remove a greenhouse which she had placed upon the property and dismissed plaintiff's action for damages.

For the purpose of clarity, a sketch of the area in question is set forth herein. The shaded triangular area represents the prescriptive easement granted by the court, and will be referred to herein as the disputed area.

The trial court found that prior to 1930, defendants' predecessors in interest began regular use and travel without objection or interference of a roadway approximately 15 feet in width adjacent to the east line of lots 1 to 10 of block 48 and utilized the disputed wider area east of lots 11 to 15 of said block 48, and thence westerly across lot 15 to Second Street. The principal use was for the purpose of obtaining access to an ice manufacturing plant owned by

defendants' predecessors in interest and located upon part of lot 11 and lots 12, 13, and part of lot 14. This use was for the benefit of defendants' predecessors in interest and their icehouse customers, and continued after defendants acquired title to lots 11 to 15 in the year 1936.

The use by defendants and defendants' predecessors in interest of the 15-foot strip adjacent to the east line of lots 1 to 10 continued until approximately 1946 when defendants opened an access road from the east of their property to First Street which made a more accessible entry to their property. Thereafter, neither defendants nor the general public traveled or made any use of that portion of the original roadway lying south of the newly opened access road and this area is not in dispute.

The defendants and the general public continued to use and, to a more limited extent, still continue to use the remainder of the roadway and area north of the newly opened access road to the north line of lot 15.

The court also found that plaintiff had lived and owned property in block 48 and in the adjoining block 47 for many years prior to 1965. Plaintiff knew of the use by defendants and the general public of the disputed area at the time she purchased it in 1965.

There is substantial evidence to support the findings of the trial court. The uncontroverted testimony of defendant Ralph Haas, together with the testimony of an independent witness named Stouffer and the admissions of plaintiff Catherine Mahon, show an adverse possession of the disputed property commencing at least as early as 1930 by defendants' predecessors in interest and continuing until 1965.

■■ The extent of any prescriptive rights based upon such adverse possession is fixed and determined by the user in which it originated, and prescriptive rights once acquired cannot be terminated or abridged at the will of the owner of the servient estate. The prescriptive right acquired by defendants as against plaintiff's predecessor is not subject to defeat by plaintiff merely because she ac-

quired the title. *Northwest Cities Gas Co. v. Western Fuel Co.*, 17 Wn.2d 482, 135 P.2d 867 (1943). There being substantial evidence to support the trial court's findings, they will not be disturbed on appeal. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959).

The findings of fact as entered by the trial court support the trial court's conclusion that the disputed area is subject to a prescriptive easement for general use and travel in favor of the public and in favor of defendants free and clear of any claim or right by plaintiff except the right to use and travel the same as a member of the general public.

Plaintiff assigns error to the court's choice of remedy requiring plaintiff to remove her improvements and obstructions from the area subject to the prescriptive easement. The improvement involved is a commercial greenhouse erected by plaintiff after she purchased the property in 1965, at a time when she was aware of the long-standing use by defendants and the general public of that property. Furthermore, plaintiff erected the greenhouse after receiving the following letter from defendants' lawyer:

August 18, 1965

Miss Catherine Mahon
2nd & Bridge Streets
Clarkston, Washington    99403

Dear Miss Mahon:

Mr. Ralph Haas has consulted me concerning the fact that you are making, or are about to make, permanent improvements on the roadway east of the ice plant, which if completed will interfere to his access of the same, which he has enjoyed for more than 25 years.

You are advised that Mr. Haas will insist that this roadway and access to his building be left intact, and that if necessary he will bring appropriate Court action to protect his rights.

Very truly yours,

SDA:rd
cc - Ralph Haas

■ Plaintiff urges application of the doctrine of relative hardship, or balancing the equities, relying upon *Arnold v. Melani,* 75 Wn.2d 143, 449 P.2d 800 (1968-69). She argues that the greenhouse was erected at a cost of $5,000, the damage to defendants is negligible and removal of the greenhouse would not substantially increase defendants' freedom of access to the icehouse. With this we cannot agree. While the plaintiff testified to the cost of building the greenhouse, there is no evidence as to the cost of moving it from the disputed area to other property owned by plaintiff. On the other hand, the resulting damage to defendants was substantial. The greenhouse placed a real limitation on the future use of defendants' property. In any event, the benefit of the doctrine of balancing the equities, or relative hardship, is reserved for the innocent party who proceeds without knowledge or warning that his structure encroaches upon another's property or property rights. *Bach v. Sarich,* 74 Wn.2d 575, 582, 445 P.2d 648 (1968). When plaintiff erected the greenhouse after receiving the warning letter from defendants' attorney before building the greenhouse, she was either taking a calculated risk, or acting with indifference to the consequences. We find no error in the trial court's choice of remedy.

Plaintiff next assigns error to the dismissal of her claim for damages. We find no merit to this assignment of error. Her claim for damages depended upon the court's determination of the respective property rights of the parties. Since the court determined that plaintiff had prescriptive rights to the disputed area, plaintiff's damages, if any, were occasioned solely by her own actions in blocking defendants' right-of-way.

Plaintiff assigns error to granting defendants' motion for a trial amendment. Three days before trial defendants served notice of the proposed trial amendment, claiming a prescriptive right to a larger area than previously claimed. When testimony was offered in support of this increased claim, plaintiff made timely objection and the trial court tendered a continuance to the plaintiff. Plaintiff declined to

accept a continuance. Under these circumstances, it was not an abuse of discretion for the trial court to permit the trial amendment.

Plaintiff finally assigns error to the trial court's visits to the premises in the absence of counsel for the parties. The record reflects that the court first viewed the premises at the conclusion of the trial, at the request of and accompanied by counsel for both parties. In his memorandum opinion rendered several months later, the trial judge stated he had viewed the premises again after the matter was taken under advisement. Obviously this was to refresh his memory and there is nothing in the record to suggest that he based his decision upon anything other than evidence adduced at the trial. We find no merit to this assignment of error.

Judgment affirmed.

GREEN and MUNSON, JJ., concur.