[No. 55422-6.   En Banc.   September 21, 1989.]

ROBERT E. KESINGER, ET AL, *Respondents*, v. EGAN LOGAN, ET AL, *Defendants*, SELAH MOXEE CANAL CO., *Petitioner*.

*Roy & Pell,* by *Thomas D. Nagle,* for petitioner.

*Tim Weaver* and *Cockrill, Weaver & Bjur, P.S.,* for respondents.

ANDERSEN, J.—

## FACTS OF CASE

This case involves a dispute over the title to a strip of real property near an irrigation canal. The Selah Moxee Irrigation District contends that it holds a right of way extending 50 feet in each direction from the center of an irrigation canal which it operates in Yakima County. Mary Kesinger[1] holds an interest in certain property adjacent to this canal and maintains that the irrigation district's right of way extends only 30, not 50, feet from the canal. She seeks to quiet title in herself to the strip of property 20 feet in width, running along the edge of her property, that lies between 30 and 50 feet from the center of the canal.

It is first necessary to examine the chain of title to the irrigation canal and right of way in question.

In the late 19th century, Wenzel and Tersia Maywald and other landowners in the Selah Valley constructed a canal to bring water to their property from the Yakima River. In 1899, the Maywalds, together with neighboring landowners, entered into a contract with George Rankin (hereinafter the Rankin Contract), under which Mr. Rankin was to construct a canal with greater capacity along the same route as the canal already in place. The Rankin Contract required as follows: a certain portion of the construction be completed by January 1, 1904; the construction not interfere with use of water from the canal during a certain time of the year; and a waterway be constructed to return water to the Yakima River. The contract also provided that water would forever be delivered to the landowners free of charge. For their part, the landowners agreed to convey, by January 1, 1904, all of their rights in the canal "and a

---

[1]This action was originally brought by Robert and Mary Kesinger. Counsel for the Kesingers informs us that Mr. Kesinger is now deceased and that Mrs. Kesinger is his successor in interest. For purposes of this opinion, therefore, we refer to her as though she is the sole respondent. Since Mary Kesinger is referred to by her attorney as "Mrs. Kesinger", we so refer to her in this opinion.

right–of–way one hundred feet in width, that is, fifty feet on each side of the centerline of said ditch [canal], through their respective lands . . ." The record certified to this court, however, contains no documents actually conveying the canal and the right of way to Mr. Rankin.

In 1910, Mr. Rankin and his wife executed a quitclaim deed transferring all of their interest in the canal and the right of way to the Selah Moxee Canal Company. The Selah Moxee Canal Company subsequently (in 1914) became the Selah Moxee Irrigation District, which we will hereinafter refer to as the "District".

The property of the respondent herein, Mrs. Kesinger, lies adjacent to the canal. The chain of title to her property, insofar as it is relevant to our decision herein, is as follows.

In 1911, the Maywalds conveyed the subject property to Gus Sipp. Following certain intervening conveyances, the property was conveyed in 1946 to Roland and Elsie Leenhouts. The Leenhoutses in turn conveyed the property to their son, Dean Leenhouts, in 1972. Dean Leenhouts entered into a contract to sell the property to Egan Logan in 1981, and Mr. Logan then assigned his interest in the contract to the Kesingers in 1982. All of the conveyance documents in this chain of title contain legal descriptions which reference a right of way along the Selah Moxee Canal. The assignment to the Kesingers states that it is subject to the Rankin Contract.

Dean Leenhouts, a predecessor in interest to Mrs. Kesinger, testified to the history of the use of the disputed 20–foot strip of property near the canal. According to Mr. Leenhouts' testimony, since the mid–1940's, the Leenhoutses had farmed in this area and had also maintained an irrigation ditch and temporary fences there. In 1970, the Leenhoutses began developing the property into a mobile home court. From 1972 to 1974, the Leenhoutses installed a cyclone fence along the edge of their property, 30 feet from the center of the canal. In 1974, the Leenhoutses began building mobile home pads abutting this fence.

In 1984, Robert and Mary Kesinger brought an action in Superior Court against, among others, the District.[2] By this action, the Kesingers sought to quiet title in themselves to the 20–foot–wide strip of property lying between 30 and 50 feet from the center of the canal. The District counter-claimed, seeking a decree that the District possessed a valid right of way over the disputed property. Both Mrs. Kesinger and the District moved for summary judgment. The Superior Court granted summary judgment in favor of Mrs. Kesinger, quieting title in her to the disputed strip of property. The Court of Appeals affirmed the trial court in a published opinion.[3] We granted the District's petition for review.[4]

We consider one principal issue as being dispositive of the case.

## ISSUE

Under the facts as stated, is Mrs. Kesinger entitled to an order quieting title in her to the disputed strip of property near the irrigation canal where the record contains no deed conveying the irrigation canal right of way from the original landowners to Mr. Rankin, the District's predecessor in interest?

## DECISION

CONCLUSION. The conveyance of an interest in real property must be by deed. Since the record before us contains no evidence of a deed of the canal right of way from the original landowners to Mr. Rankin, the District's predecessor in interest, the District holds no interest in the disputed

---

[2]The complaint filed by the Kesingers names the Selah Moxee Canal Company as a defendant. However, the Selah Moxee Canal Company became the District in 1914 and subsequent pleadings refer to the District as the relevant party herein.

[3]*Kesinger v. Logan,* 51 Wn. App. 914, 756 P.2d 752, *review granted,* 111 Wn.2d 1018 (1988).

[4]RAP 13.4.

property. Mrs. Kesinger, therefore, was entitled to the order quieting title in her to the property in question.

■ Here we are reviewing an order granting summary judgment in favor of Mrs. Kesinger. Summary judgment is proper only where the pleadings, affidavits, depositions and admissions on file demonstrate that there is no genuine issue of material fact and that the party bringing the motion is entitled to judgment as a matter of law.[5] All facts and reasonable inferences therefrom must be viewed in the light most favorable to the nonmoving party and summary judgment can only be granted if, from all of the evidence, reasonable persons could reach but one conclusion.[6]

Mrs. Kesinger maintains that the District holds no interest in the disputed 20–foot–wide strip of property because there is no document evidencing a conveyance of any interest therein from the original landowners to Mr. Rankin, the District's predecessor in interest. We agree.

The conveyancing of real property in this state is governed by conveyance statutes (RCW 64.04).[7] Pertinent is RCW 64.04.010, which provides:

> Every conveyance of real estate, or any interest therein, and every contract creating or evidencing any encumbrance upon real estate, shall be by deed: . . .

RCW 64.04.010 (part). This statute is essentially in the same form that it was in when the original landowners contracted to convey the canal right of way to Mr. Rankin.[8]

■ The above quoted statute applies to conveyances of "real estate, or any interest therein". RCW 64.04.010. The Rankin Contract contemplated the conveyance of a "right–of–way", and that is the interest which the District asserts that it holds in the disputed property. We have held that a

---

[5]*Barrie v. Hosts of Am., Inc.,* 94 Wn.2d 640, 642, 618 P.2d 96 (1980).

[6]*Barrie,* at 642.

[7]2 Washington State Bar Ass'n, *Real Property Deskbook* §§ 30.2–30.3 (2d ed. 1986).

[8]*See* Ball. Code § 4517.

conveyance of a right of way may be in fee simple or may be only an easement.[9] An estate in fee simple, of course, is real estate, and we have held that an easement is also an interest in land within the purview of the conveyances statute.[10] Thus, the foregoing statute applies to any conveyance of a right of way in this case.

This conveyance statute requires that conveyances be accomplished by deed.[11] A deed must be in writing, signed by the party to be bound thereby, and acknowledged.[12] The Rankin Contract contemplated the conveyance of a right of way from the original landowners to Mr. Rankin after certain conditions were fulfilled, but the District concedes that "[n]o documents of conveyance to Rankin were ever recorded and none have been produced."[13] Thus, there is no deed in the record before us whereby the canal right of way was conveyed from the original landowners to the District's predecessor, Mr. Rankin. Since Mr. Rankin, therefore, received no interest in the disputed property from the original landowners, it follows that the District received no interest in the disputed property from Mr. Rankin.

The District, however, maintains that Mrs. Kesinger is estopped from asserting title against it. In this regard, the District relies on the early Washington case of *Edson v. Knox,* 8 Wash. 642, 36 P. 698 (1894). In that case, a deed was executed by the grantor, but the deed was not acknowledged and, therefore, failed to meet statutory requirements. The court there held that

---

[9]*See Roeder Co. v. Burlington Northern, Inc.,* 105 Wn.2d 567, 571–72, 716 P.2d 855 (1986); *Veach v. Culp,* 92 Wn.2d 570, 573, 599 P.2d 526 (1979).

[10]*Ormiston v. Boast,* 68 Wn.2d 548, 550, 413 P.2d 969 (1966).

[11]RCW 64.04.010.

[12]RCW 64.04.020. *See also* Ball. Code § 4518 (statute in effect when the Rankin Contract was entered into).

[13]Brief of Appellant, at 3.

even if the purported deed cannot be maintained as a deed, it certainly can be maintained as a contract for a deed, and as the equitable title was conveyed to the grantee, and he took possession under the contract, the grantor, and those holding under him, will now be estopped from asserting his legal title.

*Edson,* at 646. The District argues that under this reasoning Mrs. Kesinger is estopped in that the Rankin Contract, which was entered into by the Maywalds, who were predecessors in interest of Mrs. Kesinger, is a contract for a deed.

The *Edson* case, however, is readily distinguishable from the case before us. In *Edson,* there was in fact a purported deed; it simply failed to comport with statutory requirements. The doctrine of estoppel applies where there is a purported deed, because it is inequitable to allow the grantor of the deed to assert a contrary position.[14] In the present case, however, there is no purported deed. There is only a contract to convey property at a future date, which is not itself a deed.[15] The landowners under the Rankin Contract, and those who hold title under them, cannot be estopped from asserting title to the disputed portion of the right of way when they never purported to convey such title.

The District also maintains that Mrs. Kesinger is estopped from asserting title because legal descriptions contained in conveyance documents in the chain of title to her property recognize the existence of the canal right of way and because the assignment to the Kesingers states that it is subject to the Rankin Contract. These conveyance documents, however, do not purport to convey any interest in the disputed property to the District or its predecessors in interest. Furthermore, Mrs. Kesinger does not dispute that the District holds a right of way along the canal, but simply maintains that the width of the right of way is limited to 30 feet from the center of the canal. The references

---

[14]28 Am. Jur. 2d *Estoppel and Waiver* § 4 (1966). *See also Standring v. Mooney,* 14 Wn.2d 220, 226–27, 127 P.2d 401 (1942) (grantor cannot attack own deed).

[15]6 G. Thompson, *Real Property* § 2936 (1962).

to a right of way contained in the conveyance documents do not specify the width of the right of way. Again, we conclude that the District's reliance on the doctrine of estoppel is misplaced.

We further note that the District does *not* here maintain any of the following: that it is entitled to prevail on the grounds that a deed of the canal right of way was issued from the original landowners to Mr. Rankin but was later lost; that the Rankin Contract should be specifically enforced; or that the District has acquired the disputed strip of property through adverse possession.

We conclude, therefore, based on the record before us, that the District holds no interest in the disputed property.

The District, however, goes on to make the additional argument that, even if it holds no interest in the disputed property, Mrs. Kesinger still cannot prevail in her action to quiet title because she has not established that she herself holds any interest in this property either. Again, we disagree.

■ It is true, as the District points out, that a party seeking to quiet title to property must succeed on the strength of his or her own title, not on the weakness of the other party's title.[16] However, the legal description contained in the assignment under which Mrs. Kesinger received her interest in the property adjacent to the canal demonstrates that Mrs. Kesinger is in fact entitled to prevail on the strength of her own title. This legal description states in pertinent part:

> thence south 80° East 894 feet, more or less, to the West right of way line of Selah–Moxee Canal; thence following said right of way line . . .

According to the only survey contained in the record, the point that is 894 feet from the last point in the legal description is 30 feet from the center of the canal. This places the west right of way line 30, not 50, feet from the center of the canal. Thus, the legal description to Mrs.

---

[16]*Desimone v. Spence*, 51 Wn.2d 412, 415, 318 P.2d 959 (1957).

Kesinger's property includes the disputed 20–foot–wide strip running along the edge of her property.

The District's further contention that the reference to the "West right of way line" in the portion of the legal description just quoted is a reference to a monument which controls over the courses and distances, and that this monument is 50 feet from the center of the canal, is without merit. While it is true that a reference to a monument in a legal description controls over courses and distances,[17] the District's labeling of the "West right of way line" as a monument 50 feet from the center of the canal is untenable. In *Matthews v. Parker,* 163 Wash. 10, 15, 299 P. 354 (1931), this court stated that a monument is "a point capable of being mathematically ascertained". Since there is no deed from the original landowners conveying a right of way that would establish the true width of the right of way, we conclude that the "West right of way line" is not a point capable of being mathematically ascertained. It follows that the "West right of way line" is not a monument 50 feet from the center of the canal and that the courses and distances, which place the disputed strip within the boundaries of Mrs. Kesinger's property, are controlling in this instance.

It is our holding, therefore, that Mrs. Kesinger was entitled to summary judgment against the District in her action to quiet title in herself to the disputed strip of property.

Mrs. Kesinger also contends that she is entitled to prevail based on the doctrine of adverse possession. Since we have determined that the conveyancing issue discussed herein is dispositive, we need not and do not reach that issue. Although the Court of Appeals in considering the case resolved it in Mrs. Kesinger's favor based upon the adverse possession doctrine,[18] it reached that issue because

---

[17]*Matthews v. Parker,* 163 Wash. 10, 14, 299 P. 354 (1931); *DD&L, Inc. v. Burgess,* 51 Wn. App. 329, 336, 753 P.2d 561 (1988).

[18]*See Kesinger v. Logan,* 51 Wn. App. 914, 756 P.2d 752, *review granted,* 111 Wn.2d 1018 (1988).

it assumed, without deciding, that the District held a right of way extending 50 feet from the center of the canal.[19] As demonstrated by our foregoing discussion of the conveyancing issue, this assumption was incorrect on the record presented.

The decision of the Court of Appeals affirming the trial court's decision granting summary judgment in favor of Mrs. Kesinger is affirmed, but only on the grounds set forth herein.

CALLOW, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, PEARSON, DURHAM, and SMITH, JJ., concur.

Reconsideration denied February 27, 1990.