[No. 27991-2-I. Division One. June 29, 1992.]

JOHN M. KIRK, ET AL, *Respondents,* v. TIMOTHY J. TOMULTY, ET AL, *Appellants.*

---

232

*Stephan E. Todd* and *Tousley Brain,* for appellants.

*Thomas D. Adams* and *Newton, Kight, Adams, Jones & Corrigan,* for respondents.

AGID, J. — Appellants Tomulty and Staffenhagen appeal from the trial court's order quieting title to an easement across their property in the respondents, John and Linda Kirk (Kirk).

Kirk filed this action to quiet title to an easement across a subdivision adjacent to property they purchased from Bill and Ada Moon (Moon). In 1978, prior to the sale to Kirk, Moon sold 5 of the 20 acres of land they owned on 123rd Avenue S.E. in Lake Stevens, Snohomish County, to Jerry Phillips (Phillips). In August 1981, Phillips submitted an application for a short plat that would enable him to subdivide the property into four lots. On March 12, 1982, Phillips and Moon executed an agreement that provides in relevant part:

> Jerry and Janet Phillips will give a sixty foot easement for ingress, egress and utility purposes thru their property and extending to the East boundary of the Moon property, and in turn Bill and Ada Moon will give a thirty foot easement for ingress, egress and utility purposes of approximately 210 feet by 30 feet on the South East corner of their property.
> This agreement will only be effective if the Short Plat File No. SP259 is acceptable to Snohomish County, and which at that time the legal description of easements will be executed by both parties on their property.

While the agreement was signed by both parties and two witnesses, it was not recorded until May 2, 1983, and was never notarized. Phillips' short plat was approved by Snohomish County and recorded on October 12, 1982. The legal descriptions for lots 2, 3, and 4, recorded as part of the Phillips short plat, describe a nonexclusive easement for ingress, egress, and utilities over, across and under a 60-foot-wide strip of land. The center line of the easement begins at 123rd Avenue S.E. and follows the common boundary between the Phillips and Moon properties for a distance of approximately 200 feet, after which it follows the boundary between lot 4 and lots 2 and 3 to the western boundary of the Moon property.[1]

[1]The road depicted on the map attached to the declaration of short subdivision and of covenants does not extend through the Phillips property to the boundary of what was then the Moon property. The legal description of each of the lots, however, describes the easement as extending to that boundary. In addition, the trial court found that Moon objected to a map Phillips showed him during the short plat process that did not depict the easement as extending all the way through the Phillips subdivision and that Phillips later showed him a revised map on which the lines depicting the easement extended to the boundary of the Moon property. Appellants do not assign error to any of the trial court's factual findings.

William and Christine Staffenhagen (Staffenhagen) purchased lot 4 from Phillips in 1986.[2] Timothy and Linda Tomulty (Tomulty) purchased lot 3 in 1988, and lot 2 was purchased by Phillip and Sandra Munoz (Munoz).[3] The existing access road to the lots owned by Tomulty, Staffenhagen and Munoz, constructed by Phillips after approval of the short plat, is approximately 20 feet in width and is located within the easement described in the short plat. Tomulty, Staffenhagen and Munoz thus travel across the portion of the easement located on the Moon property to reach their residences. The court found that appellants have benefited and continue to benefit from the easement, without which the three lots in the Phillips short plat owned by the appellants would be landlocked.

On October 30, 1984, Moon conveyed a piece of property east of the Phillips short plat and contiguous to lots 3 and 4 to Kirk. At the time of that conveyance, Moon told Kirk that there was access to the property across the easement on the Moon property and through the Phillips short plat. The deed describing the conveyance from Moon to Kirk did not make any reference to the easement, although Moon testified that they intended to convey whatever interest they had in the easement to Kirk.

The trial court found that Phillips and Moon had created mutually beneficial easements and that title to the lots acquired by Tomulty and Staffenhagen was encumbered by the easement in favor of Kirk. The court therefore entered a decree quieting title to the easement in favor of Kirk and enjoining Tomulty and Staffenhagen from interfering with Kirk's use and enjoyment of the easement.

---

[2]Mr. Staffenhagen testified that, although he read the legal description of the lot he was buying, including the language describing the easement, prior to purchasing the property, he made no inquiry regarding the location of the easement or who had the right to use it. He only inquired about who was responsible for maintaining the road.

[3]Munoz agreed to be bound by the court's decision and did not participate in the suit.

I

CREATION OF THE EASEMENT

■ An easement is an interest in land subject to the provisions of RCW 64.04.010, which requires that conveyances be accomplished by deed. *Ormiston v. Boast*, 68 Wn.2d 548, 550, 413 P.2d 969 (1966). Appellants argue that because there is no recorded deed that complied with the requirements of RCW 64.04.010 conveying an easement to Moon, no easement was created. Kirk agrees that the written agreement between Moon and Phillips alone was not sufficient to convey an easement. However, Kirk contends that the easement was created by estoppel. He relies on the written agreement between the parties and on the subsequent conduct of the parties which, Kirk contends, constituted part performance of the written agreement.

Appellants rely on *Kesinger v. Logan*, 113 Wn.2d 320, 779 P.2d 263 (1989), for their position that the absence of any deed that complied with the requirements of RCW 64.04.010 conveying the easement necessarily requires the conclusion that no easement was ever created. In that case, Kesinger sued to quiet title to a 20-foot strip of land along the edge of her property against an irrigation district which claimed its right of way included that strip. In the late 19th century, the then-owners of the property had joined neighboring landowners in entering into a contract with the district's predecessor in interest which was to enlarge an existing canal and provide water to the landowners free of charge. In return, the landowners agreed to convey to it all their rights in the canal and a right of way 50 feet on each side of its center line, including the disputed 20-foot strip. 113 Wn.2d at 322-23. The court quieted title to the strip in Kesinger on the basis that, because there was no conveyance of the original interest by deed as required by statute, no interest was effectively conveyed. The court reached this conclusion despite the fact that the legal descriptions in all the conveyance documents in Kesinger's chain of title recognized the existence of a right of way and the fact that the assignment conveying the property to Kesinger herself

provided that her interest was subject to the canal contract. 113 Wn.2d at 324-25. The court concluded that the agreement between the parties was merely a contract to convey a property interest at a future date that cannot give rise to an estoppel. 113 Wn.2d at 327.

Here, as in *Kesinger*, there was no conveyance of the original interest by a deed that complied with RCW 64.04-.010; rather, there was simply an agreement to convey property at a future date. However, at that point this case diverges from *Kesinger*. In *Kesinger*, the question of part performance was not raised or addressed by the court. Indeed, it could not have been because the 20-foot strip at issue in that case had never been used by those claiming possession of it.[4] Further, *Kesinger* did not involve a direct exchange of easements, and there was no contention that the exchange was for the mutual benefit of the parties. Here, Kirk argued and the trial court clearly found that a mutual benefit was intended and that Staffenhagen, Tomulty and Munoz had received and continued to receive the benefit of the agreement between Moon and Phillips, while Kirk, as Moon's successor in interest, did not.

 A conveyance can be taken out of the statute of frauds where there has been part performance of a contract on one side and an acceptance of benefit by the other. *Miller v. McCamish*, 78 Wn.2d 821, 829, 479 P.2d 919 (1971); *Kalinowski v. Jacobowski*, 52 Wash. 359, 367-68, 100 P. 852 (1909); *Storseth v. Folsom*, 45 Wash. 374, 378, 88 P. 632 (1907). Equity should intervene to deny one party what would clearly be an unjust enrichment as long as the character, terms and existence of the contract can be clearly and unequivocally established to the satisfaction of the court. *Canterbury Shores Assocs. v. Lakeshore Properties, Inc.*, 18 Wn. App. 825, 829, 572 P.2d 742 (1977). The crucial inquiry is whether creation of an easement was in fact intended.

---

[4]In stating its conclusions, the court in *Kesinger* specifically noted that no argument had been made that the contract creating the right of way should be specifically enforced, suggesting that had such an argument been made the result might have been different.

*Kemery v. Mylroie*, 8 Wn. App. 344, 346, 506 P.2d 319 (1973). If there is any ambiguity as to the existence of an easement, we determine the intention of the parties by examining such factors as the construction of the pertinent language, the circumstances surrounding the transaction, the situation of the parties, the subject matter, and the subsequent acts of the parties involved. *Kalinowski*, 52 Wash. at 366; *Scott v. Wallitner*, 49 Wn.2d 161, 162, 299 P.2d 204 (1956); *Delano v. Luedinghaus*, 70 Wash. 573, 575, 127 P. 197 (1912) (the "equities of all parties" should be considered).

Phillips' application to Snohomish County and his act of building the road across Moon's property, together with Moon's acquiescence in both, constitute part performance of the agreement to grant mutual easements. Moon permitted Phillips to construct an access road 200 feet in length upon his property within the easement referred to in his agreement with Phillips after the condition referred to in the agreement, approval of the short plat by Snohomish County, had occurred. The only consideration received by Moon for the 200-foot strip of land on which the road was constructed was the promise of a reciprocal easement. The agreement between the parties as to that mutual exchange of easements was again acknowledged in Phillips' deeds to his successors in interest, appellants in this case. Their continued use of the road across Moon's land is an equitable consideration further supporting the trial court's recognition of Kirk's right, as Moon's successor in interest, to use the easement, and its order restraining the appellants from interfering with that right.

II

CONVEYANCE OF THE EASEMENT

 The question remains whether that easement was effectively conveyed by Moon to Kirk.[5] An easement appurtenant is an irrevocable interest in land which has been

---

[5]The fact that the existence of the easement was recognized in the deeds conveying the lots to Tomulty and Staffenhagen alone is not enough to convey the easement from Moon to Kirk. *Kesinger*, 113 Wn.2d at 327.

obtained for duly given consideration. *Bakke v. Columbia Vly. Lumber Co.*, 49 Wn.2d 165, 170, 298 P.2d 849 (1956). There is a strong presumption in Washington that easements are appurtenant. *Pioneer Sand & Gravel Co. v. Seattle Constr. & Dry Dock Co.*, 102 Wash. 608, 618, 173 P. 508 (1918). An easement appurtenant passes to successors in interest by the conveyance of the property to which it is appurtenant regardless of whether it is specifically mentioned in the instrument of transfer. *Loose v. Locke*, 25 Wn.2d 599, 603, 171 P.2d 849 (1946); *Cowan v. Gladder*, 120 Wash. 144, 145, 206 P. 923 (1922). Here, there is no dispute that consideration for the easement was given. That fact, taken together with the presumption that easements are appurtenant, supports the conclusion that the easement was indeed appurtenant to the land it was intended to benefit. It was thus not necessary that it be specifically mentioned in the instrument conveying the property to which it is appurtenant from Moon to Kirk.

 Appellants argue, however, that as bona fide purchasers without notice of Kirk's rights in the easement, Kirk cannot now assert his rights in the easement against them. Whether a party is a bona fide purchaser is a mixed question of law and fact. *Hudesman v. Foley*, 73 Wn.2d 880, 891, 441 P.2d 532 (1968). " 'A bona fide purchaser for value is one who without notice of another's claim of right to, or equity in, the property prior to his acquisition of title, has paid the vendor a valuable consideration.' " *Miebach v. Colasurdo*, 102 Wn.2d 170, 175, 685 P.2d 1074 (1984) (quoting *Glaser v. Holdorf*, 56 Wn.2d 204, 209, 352 P.2d 212 (1960)). That notice " 'need not be actual, nor amount to full knowledge . . .' ". *Miebach*, 102 Wn.2d at 175 (quoting *Daly v. Rizzutto*, 59 Wash. 62, 65, 109 P. 276 (1910)).

> "It is a well-settled rule that where a purchaser has knowledge or information of facts which are sufficient to put an ordinarily prudent man upon inquiry, and the inquiry, if followed with reasonable diligence, would lead to the discovery of defects in the title or of equitable rights of others affecting the property in question, the purchaser will be held chargeable with knowledge thereof and will not be

heard to say that he did not actually know of them. In other words, knowledge of facts sufficient to excite inquiry is constructive notice of all that the inquiry would have disclosed."

(Citation omitted.) *Miebach*, 102 Wn.2d at 175-76 (quoting *Peterson v. Weist*, 48 Wash. 339, 341, 93 P. 519 (1908)). *See also Mahon v. Haas*, 2 Wn. App. 560, 468 P.2d 713 (1970) (a successor in interest to an owner of a servient estate takes the estate subject to the easement if the successor has actual, constructive, or implied notice of the easement).

■■ The easement here was described by metes and bounds in each of the deeds by which Phillips' successors in interest received title to their property. While the appellants argue that they were entitled to assume that the easement described in their deeds referred only to that portion of the easement that was visibly in use, neither contends that he was not put on notice that there was an easement existing across his property. Any reasonably diligent inquiry with regard to its scope would quickly have revealed its extent, especially in view of the fact that appellants here bought their property directly from the developer who had actual knowledge of the easement arrangement. Inquiry is not limited to searching record title.[6] Even though the map attached to the short plat application did not depict the entire easement, a comparison of the description of the easement with the property description contained in their deeds alone would have revealed that the easement extended all the way to the boundary of Tomulty's and Staffenhagen's property.[7] While that in itself would not have put the appellants on notice of Kirk's rights in the easement, the fact that the easement was described as extending to the eastern boundary of the subdivision is consistent only with an intent that it serve the adjacent property. If it

---

[6]At trial, Kirk conceded that the agreement itself was not within the chain of title of the lots in the Phillips short plat.

[7]Staffenhagen testified that he read the deed and inquired as to who was responsible for maintaining the road. Mrs. Tomulty is a real estate agent and Mr. Tomulty is a general contractor and builder of single family residences.

were intended merely for access to the lots within the subdivision, there would be no reason for it to extend to the boundary of Moon's property. We therefore conclude that the appellants had "knowledge of facts sufficient to excite inquiry". *Miebach*, 102 Wn.2d at 176. Had they inquired, they would have learned from Phillips of Moon's easement rights. This is sufficient to charge appellants with notice of the easement. The easement was thus effectively conveyed.

Affirmed.

KENNEDY and FORREST, JJ., concur.

Review denied at 120 Wn.2d 1009 (1992).