[No. 8009–1–I.   Division One.   March 2, 1981.]

EDWARD A. WICKERT, ET AL, *Respondents,* v. JAMES G. THOMPSON, ET AL, *Appellants.*

*David Yamashita,* for appellants.

*Charles R. Twede,* for respondents.

CORBETT, J.—Defendants appeal from a judgment of quiet title based upon adverse possession by plaintiff.

Plaintiff owned a 10–acre tract bordered on the west by

Gardner Road. In 1956, he sold a parcel adjoining Gardner Road. Based upon a survey and immediately after the sale, plaintiff put in a barbed–wire fence which was maintained in place as the property line until 1978. Plaintiff used the property up to the fence line to run cattle and later grow hay. In 1965, Skagit County established the true line of Gardner Road to be 24 feet east of where the original survey had placed it. The county vacated the easterly 24 feet in favor of the adjoining property owners. Thus plaintiff learned that the fence line was not the true line. Plaintiff continued thereafter to use the property until the fence was removed in 1978.

Having considered disputed evidence, the trial court found that plaintiff was in possession up to the fence line, claiming the property adverse to all others and that his claim was open and notorious, made in good faith under a claim of right. The disputed finding is that of good faith. There is substantial evidence to support the remaining findings and we will not disturb them. *St. Regis Paper Co. v. Wicklund,* 93 Wn.2d 497, 503, 610 P.2d 903 (1980).

Defendants contend that good faith is a necessary element and it was lost because the plaintiff knew of the erroneous survey before the 10–year statute (RCW 4.16.020) had expired; that is to say, in 1965, when the County advised the plaintiff of the vacation of the right–of–way, he knew or should have known that he was not the owner of the easterly 24 feet of defendants' property, and accordingly could not possess the property under a good faith claim of right.

The test to determine acquisition of real property by adverse possession has been often stated. To constitute adverse possession, there must be actual possession which is uninterrupted, open and notorious, hostile and exclusive, and under a claim of right made in good faith for the statutory period. *See Muench v. Oxley,* 90 Wn.2d 637, 642, 584 P.2d 939 (1978), and *Roy v. Goerz,* 26 Wn. App. 807, 812, 614 P.2d 1308 (1980). The "claim of right" to which the doctrine refers is simply that the claimant is in possession

as owner, with intent to claim the land as his own, and not in recognition of or subordination to the record title owner. *Sisson v. Koelle,* 10 Wn. App. 746, 753, 520 P.2d 1380 (1974). The term "good faith" adds only confusion to the doctrine. *Sisson v. Koelle, supra* at 753 n.2. *See also* Stoebuck, *The Law of Adverse Possession in Washington,* 35 Wash. L. Rev. 53, 83 (1960). It was added by early case law to distinguish the so–called "squatter" cases. *Ramsey v. Wilson,* 52 Wash. 111, 114, 100 P. 177 (1909). Good faith was required for the original entry only and subsequent discovery of the mistake did not prevent acquisition of title if the other conditions of adverse possession were met. *Johnson v. Conner,* 48 Wash. 431, 434, 93 P. 914 (1908).

Actual or constructive knowledge of adverse claims or defects in title acquired after entry and possession of the land does not of itself defeat a claim of adverse possession.

Affirmed.

JAMES, C.J., and ANDERSEN, J., concur.