[No. 7974–3–I.  Division One.  April 27, 1981.]

WARREN G. WILLIAMS, ET AL, *Respondents*, v.
W. C. STRIKER, *Appellant.*

---

*Richard B. Sanders,* for appellant.

*Robert Verzani,* for respondents.

ANDERSEN, J.—

## FACTS OF CASE

William C. Striker (Striker) appeals from a summary judgment quieting title to two vacant lots in Herman W. Mericle, Jr. (Mericle)[1] under the vacant land statute, RCW 7.28.080.[2]

---

[1] For convenience, the respondent Mericle, as well as the respondents Williams who claim through him, are together referred to in the singular as "Mericle".

[2] Although the findings refer to the vacant land statute as "RCW 7.28.020", the pleadings, arguments and briefs make it clear that the parties are talking about the same thing, namely, the vacant land statute, the correct citation to

Striker purchased the two vacant lots at a sheriff's sale on December 6, 1956 for $100. He ultimately received a treasurer's deed that he did not record until March 1, 1965 over 8 years after his purchase.

On March 26, 1965, Mericle purchased the same property from Glenn E. Hamilton and wife (Hamilton). Mericle promptly recorded his deed on April 7, 1965. This was just a little over a month after Striker, unbeknown to Mericle, had recorded his treasurer's deed. Mericle received a "grant deed" from Hamilton, a California resident. Under California law, a "grant deed" conveys title to the property as distinguished from merely conveying the seller's interest in the property. Cal. Civ. Code § 1105 (Deering 1971); *see* 3 B. Witkin, *California Law* § 86 (8th ed. 1973). Mericle thereafter regularly paid all of the taxes assessed on the property.

Mericle ultimately sold the two vacant lots to Mr. and Mrs. Williams in 1978. In connection with that sale, a title search was made and Striker's 1965 treasurer's deed was discovered. Until that time, Mericle had been unaware of Striker's deed and claim.

Mericle and Striker both moved for summary judgment. The court quieted title in Mericle. Striker appeals.

Two issues are presented.

## ISSUES

ISSUE ONE. Did Mericle, the prevailing claimant to the property in the trial court, establish all of the elements necessary to obtain legal title to the real property in question under the vacant land statute, RCW 7.28.080?

ISSUE TWO. Does the constructive notice of a claim to land imparted by the recording statutes operate to bar a claimant from obtaining title under the vacant land statute, RCW 7.28.080?

which is "RCW 7.28.080". Thus, the reference in the findings to "RCW 7.28.020" is an obvious typographical error and will be so considered.

## DECISION

ISSUE ONE.

CONCLUSION. The prevailing claimant in this case, Mericle, as a matter of law established his right to the property in question under the vacant land statute, and the other claimant (Striker) did not.

■ The so-called vacant land statute, RCW 7.28.080,[3] is in some respects a curious statute in that it may result in title to land going to someone who is not in actual possession of the land. Lacking that basic requirement of adverse possession, it is not strictly speaking an adverse possession statute. Nevertheless, because it is a substitute for adverse possession, it is logically considered and dealt with as a part of the law on that subject. *See* Stoebuck, *The Law of Adverse Possession in Washington,* 35 Wash. L. Rev. 53, 56 (1960).

■ In order to be "deemed and adjudged" the legal owner of land under the vacant land statute, four elements must be established. The claimant to the land must prove:

1. Color of title to the land;
2. The claimed title to the land is made in good faith;
3. The land being claimed is vacant and unoccupied; and
4. The claimant paid all taxes legally assessed on the land for seven successive years.

RCW 7.28.080 (see footnote 2).

Both parties satisfied element 1 because both had color of title to the land. Striker had purchased the land at a

---

[3]"Every person having color of title made in good faith to vacant and unoccupied land, who shall pay all taxes legally assessed thereon for seven successive years, he or she shall be deemed and adjudged to be the legal owner of said vacant and unoccupied land to the extent and according to the purport of his or her paper title. All persons holding under such taxpayer, by purchase, devise or descent, before said seven years shall have expired, and who shall continue to pay the taxes as aforesaid, so as to complete the payment of said taxes for the term aforesaid, shall be entitled to the benefit of this section: *Provided, however,* If any person having a better paper title to said vacant and unoccupied land shall, during the said term of seven years, pay the taxes as assessed on said land for any one or more years of said term of seven years, then and in that case such taxpayer, his heirs or assigns, shall not be entitled to the benefit of this section." RCW 7.28.080.

sheriff's sale and had a treasurer's deed. Mericle had a deed conveying title to him.

Both parties had a good faith claim of title to the land as required by element 2. In Striker's appellate brief, he concedes that Mericle had no actual notice of Striker's interest in the property at the time the property was conveyed to Mericle by Hamilton. Neither is there anything on the face of Hamilton's deed to Mericle, or in the circumstances surrounding that conveyance, which raises any genuine factual issue as to the good faith of Mericle's claim to title. Thus, while the element of good faith in this context is ordinarily a question of fact to be decided by the trier of fact at a trial, it is not in this case.

It is undisputed that at all times in question the land was vacant and unoccupied, thus satisfying element 3 of both parties' claims.

It is also undisputed that Mericle paid all taxes legally assessed on the land for 7 successive years and that Striker paid no taxes on the land during that period of time. Accordingly, Mericle proved element 4 of his claim and Striker failed to prove that element of his claim.

Thus Mericle proved all four elements of his right to be deemed and adjudged the legal owner of the vacant land in question and Striker did not. Therefore, Mericle was entitled to a decree quieting title in him on his motion for summary judgment, CR 56, unless Striker's additional argument, that the recording statutes prevent that result, prevails.

ISSUE TWO.

CONCLUSION. Constructive knowledge of one party's adverse claim to property, which is imparted by the recording statutes, does not in and of itself preclude another party's good faith claim of title to the property under the vacant land statute, RCW 7.28.080.

Striker argues that because he recorded his treasurer's deed to the property just before Hamilton conveyed it by deed to Mericle, he (Striker) was entitled to defeat Mericle's claim under the vacant land statute, RCW 7.28-

.080. As Striker's argument goes, under the recording statutes, see RCW 65.08.070, Mericle received constructive notice of Striker's claim and therefore, as a matter of law, could not prove that he had a good faith claim to title as required by the vacant land statute. We disagree.

A good faith claim of title to land under the vacant land statute, RCW 7.28.080, simply means that the claimant must have an honest belief, based on reasonable grounds, that he or she has acquired a valid legal title.[4] 5 G. Thompson, *Real Property* § 2553, at 671 (repl. 1979); 2 C.J.S. *Adverse Possession* § 209, at 932 (1972). *See* Stoebuck, *supra* at 83. Thus Mericle had a good faith claim to title of the land unless constructive notice of Striker's treasurer's deed under the recording statutes defeated that claim.

The rule is well settled in adverse possession cases that adverse possession is not affected by the recording statutes. *Mugaas v. Smith*, 33 Wn.2d 429, 431–34, 206 P.2d 332, 9 A.L.R.2d 846 (1949); Annot., *Title by Adverse Possession as Affected by Recording Statutes*, 9 A.L.R.2d 850 (1950). The same rule applies here. If no one could successfully invoke the vacant land statute except one who could have discovered that the seller's title was questionable by examining the public records, then a claim of title under the statute would never be available because no one but a person with valid legal title would be entitled to ownership, and such person would have no need to claim under the statute. *Thurmond v. Espalin*, 50 N.M. 109, 115–16, 171 P.2d 325, 329 (1946); 2 C.J.S. *Adverse Possession* § 209(b), at 934 (1972).

The trial court did not err in entering a summary judgment quieting title to the vacant property in Mericle.

---

[4]The color of title statute, RCW 7.28.070, also expressly requires that the color of title claim be made in good faith. RCW 7.28.070 and .080 should be distinguished from adverse possession cases generally, where "good faith" often has been mistakenly referred to as an element. *See Wickert v. Thompson*, 28 Wn. App. 516, 624 P.2d 747 (1981).

138

Affirmed.

JAMES, C.J., and CORBETT, J., concur.