[No. 20445-9-I.   Division One.   May 9, 1988.]

CRESCENT HARBOR WATER COMPANY, INC., *Respondent,* v.
DAVID R. LYSENG, *Appellant.*

*Harold E. Baily,* for appellant.

*Mark D. Theune* and *Cohen, Manni & Theune,* for respondent.

WINSOR, J.—David Lyseng appeals from an order of summary judgment granting Crescent Harbor Water Co., Inc. (Crescent Harbor) an easement for access to and use of a well and water system located on Lyseng's property. We affirm.

Crescent Harbor is a nonprofit corporation organized in 1969 by William and Kathleen Massey (Massey), John and Betty McPhee (McPhee), and Joyce Wernik to own and maintain an existing water supply system. A well, pump and pipes located on real property then owned by Massey and McPhee and now owned by Lyseng serve the water system. Property owners using Crescent Harbor pay annual use and maintenance fees to Crescent Harbor.

In August 1969, Terry Leon Guerrero and her former husband purchased the subject property from Massey and McPhee. Guerrero held title to the property until 1982. While Guerrero held title, Crescent Harbor did not seek permission to use or access the water system. Guerrero believed Crescent Harbor used the system as a matter of right. In 1985, Lyseng purchased the property. Representatives of Crescent Harbor approached Lyseng in 1987 and asked him to execute an easement for access to and use of the well located on his property.[1] Lyseng refused.

---

[1]Crescent Harbor sought an easement to aid a property owner served by the water system who sought to sell her property. Because there was no easement of record for the well and water system, the sale could not close.

Crescent Harbor brought a declaratory judgment action for a prescriptive easement and moved for summary judgment. Following oral argument, the trial judge indicated he would grant Crescent Harbor an easement, but wanted additional briefing on whether Crescent Harbor was also entitled to an easement by implied reservation. Lyseng then filed a motion for summary judgment.[2] The trial court treated Lyseng's motion as a motion for reconsideration. Ultimately the trial court found that Crescent Harbor held an implied and a prescriptive easement and entered a judgment of easement for the well and water system and for access thereto.[3] Lyseng appeals, contending Crescent Harbor's alleged failure to comply with water rights statutes bars it from claiming an easement; that Crescent Harbor's use of the involved property was not adverse; that the trial court erred in considering certain evidence and in finding an implied easement; and that as a bona fide purchaser, Lyseng took the property free of unrecorded easements.

## WATER RIGHTS STATUTES

Lyseng first contends that because Crescent Harbor does not allege compliance with the water code of 1917, RCW

---

[2]In his initial answer to Crescent Harbor's complaint, Lyseng admitted all elements of a prescriptive easement except adverse use. After the court's oral ruling, Lyseng obtained an order granting leave to amend his answer so as to deny that Crescent Harbor's use of the well and water system was open and notorious; to claim bona fide purchaser status; and to allege that Crescent Harbor's claim of easement was barred by its failure to comply with RCW 90.44. His subsequent summary judgment motion was based on this amended answer.

[3]It is unclear who holds title to the well and water system. Crescent Harbor's Articles of Incorporation state that the corporation was formed to "own the water system served by the well" located on what is now Lyseng's property. Crescent Harbor initially sought "judgment quieting title granting to the Plaintiff a prescriptive easement for use and maintenance of the well and water system . . .". As an easement is a use interest in property, not an ownership interest, *Olympia v. Palzer,* 107 Wn.2d 225, 229, 728 P.2d 135 (1986), the relief sought was not available to Crescent Harbor. The trial court granted Crescent Harbor an easement and did not quiet title to the well or water system. Crescent Harbor has not appealed the judgment for easement, however, and we do not review its adequacy.

90.03, and the water rights registration act, RCW 90.14, it should be barred by public policy from making a claim of easement. Lyseng also argues that the trial court was without jurisdiction to adjudicate Crescent Harbor's claim of easement. Lyseng's lack of jurisdiction argument is based on Crescent Harbor's failure to join a necessary party pursuant to RCW 90.03 and 90.44[4] and to exhaust its administrative remedies under water rights statutes.

◼ Lyseng's water rights arguments overlook the differences between a determination of easement and a determination of a claim for water rights. The former, as applied to this case, concerns a well, pipes, pumping apparatus and access thereto. The latter concerns the water that flows within the well and pipes. The two subjects are physically distinct. The two subjects are also legally distinct. An easement is a privilege to use the land of another. *State ex rel. Shorett v. Blue Ridge Club, Inc.,* 22 Wn.2d 487, 494, 156 P.2d 667 (1945). It is a private legal interest in another's property. *Bakke v. Columbia Vly. Lumber Co.,* 49 Wn.2d 165, 170, 298 P.2d 849 (1956). Water rights claims are limited to a determination by the Department of Ecology as to whether a water use permit should be granted and to whom. Water rights claims do not and cannot involve property interest questions, as the Department of Ecology has no authority to adjudicate private rights in land. *Mack v. Eldorado Water Dist.,* 56 Wn.2d 584, 587, 354 P.2d 917 (1960); *Funk v. Bartholet,* 157 Wash. 584, 593–94, 289 P. 1018 (1930).

We hold that the water rights statutes cited by Lyseng are irrelevant to Crescent Harbor's claim of easement.

### GRANT OF EASEMENT

Lyseng also contends that the trial court erred in granting an easement to Crescent Harbor. He first argues that

---

[4]RCW 90.44 regulates use of public groundwaters and makes those sections of RCW 90.03 governing procedures for obtaining water appropriation permits applicable to groundwater claims.

the court erroneously found Crescent Harbor holds a prescriptive easement because Crescent Harbor's use of the well and water system was not adverse.

To establish a prescriptive easement, the claimant's use must be: (1) adverse to the right of the servient owner; (2) open, notorious, continuous, and uninterrupted during the entire prescriptive period; and (3) the servient owner must have had knowledge of the use at a time when he or she was able to assert and enforce his or her rights. *Bradley v. American Smelting & Ref. Co.*, 104 Wn.2d 677, 694, 709 P.2d 782 (1985); *Pedersen v. Department of Transp.*, 43 Wn. App. 413, 417, 717 P.2d 773 (1986). The adverse use required to establish a prescriptive easement is

> such use of property as the owner himself would exercise, entirely disregarding the claims of others, asking permission from no one, and using the property under a claim of right.

*Malnati v. Ramstead*, 50 Wn.2d 105, 108, 309 P.2d 754 (1957). When the initial use is permissive, such as when it is allowed as a matter of neighborly courtesy or accommodation, that use cannot ripen into a prescriptive easement unless the user makes a distinct, positive assertion of a right adverse to the property owner. *Ormiston v. Boast*, 68 Wn.2d 548, 551, 413 P.2d 969 (1966); *State ex rel. Shorett v. Blue Ridge Club, Inc.*, supra at 495; *Washburn v. Esser*, 9 Wn. App. 169, 171, 511 P.2d 1387 (1973).

When Crescent Harbor was formed, the property where the well is located was owned by Massey and McPhee, who were also the incorporators and original trustees of Crescent Harbor. Lyseng contends that due to the close relationship between Massey, McPhee and Crescent Harbor, Crescent Harbor's initial use of the well was permissive. Lyseng concludes that because no evidence of a positive assertion of an adverse right appears in the record, the trial court erred in finding that Crescent Harbor holds a prescriptive easement. We disagree, as we find Crescent Harbor's initial use was not permissive.

■ When the owner of a servient estate confers upon another the right to use that property as if it had been legally conveyed, the resultant use is made under a claim of right, rather than by permission. 2 G. Thompson, *Real Property* § 345, at 239–40 (1980); *accord, Lechman v. Mills,* 46 Wash. 624, 628–30, 91 P. 11 (1907); *Washburn v. Esser, supra.*

In *Washburn,* a group of property owners constructed a road that crossed each of their lots. The owners shared in the cost of construction and repair of the road. One owner subsequently sold part of his lot to the Washburns, who blocked the road where it crossed their property. The court rejected the Washburns' argument that the initial use was permissive and had not ripened into a prescriptive easement, reasoning:

> We believe the circumstances in the instant case establish the exceptional situation in which a use of another's land is adverse even though the landowner agreed to the use of his property. The important question is whether the landowner permitted the use as a mere revocable license or whether an oral grant of a permanent right to use the property was intended. It is generally agreed that use of an easement under claim of right by virtue of an oral grant may be adverse so as to give a title by prescription, although the parol grant itself is void under the statute of frauds. If the use of the easement acquired by the oral grant continues for the prescriptive period of 10 years in a manner that is open, notorious, continuous and adverse to the owner of the land, the oral grant then ripens into a prescriptive easement to permanently use the road.

(Citations omitted.) *Washburn,* at 172.

Reviewing the evidence and reasonable inferences therefrom in the light most favorable to Lyseng, we find the trial court was clearly warranted in finding the requisite adversity for a prescriptive easement. Crescent Harbor's Articles of Incorporation provide for perpetual corporate existence for the sole purpose of "own[ing] the water system served by the well located on [the subject] property. . . ." Crescent Harbor at no time sought permission from owners of

the servient estate to access, use and maintain the well and in fact caused Guerrero to believe the corporation used the well as a matter of right. Since incorporation, Crescent Harbor has assumed total responsibility for all expenses associated with the well and water system, including maintenance, repairs, power bills and water analysis. This undisputed evidence permits only one reasonable inference: the original owners of the servient property, Massey and McPhee, intended to grant Crescent Harbor a permanent right to access and use the well and water system. We conclude that Crescent Harbor's use of the well and water system was initially made under a claim of right, and affirm the trial court's finding that Crescent Harbor holds a prescriptive easement in, and access rights to, the well and water system.

Lyseng next argues the trial court's judgment for easement was in error because the court improperly considered Guerrero's beliefs regarding Crescent Harbor's right to use the well and water system.[5] He argues that under *Chaplin v. Sanders,* 100 Wn.2d 853, 676 P.2d 431 (1984), evidence offered to show his predecessor in interest's belief as to the status of Crescent Harbor's use is irrelevant.

*Chaplin v. Sanders, supra,* upon which Lyseng relies, is inapposite. The *Chaplin* court held that the original purpose of the adverse possession doctrine, to assure maximum land usage and to quiet titles, made a claimant's motive in possessing land irrelevant in an adverse possession proceeding. *Chaplin,* at 859–61. *Chaplin* addressed the claimant's motives, not the beliefs held by owners of the servient

---

[5]Guerrero submitted an affidavit to the trial court providing in part: "During the entire 12 years and seven months that my husband and I owned the 'Lyseng' property, my husband and I believed that the members of the Crescent Harbor Water Company had a right to use the well and water system located on our property. . . . None of the officers of the Crescent Harbor Water Company and none of its members ever sought permission from myself or my husband to use the well and water system located on our property or to enter upon our property for the purpose of repairing or maintaining the well and water system located on our property."

tenement. We therefore reject Lyseng's argument and find *Chaplin* inapplicable to this case.

■ We also find the trial court did not err in considering Guerrero's affidavit. Affidavits offered in support of a summary judgment motion must be made on personal knowledge and set forth such facts as are admissible in evidence. CR 56(e). Unless barred on other grounds, evidence is admissible if it is relevant, *i.e.,* if it tends to make the existence of any fact of consequence to determination of the action more or less probable. ER 401, 402. A determination regarding the relevancy of evidence is a matter of discretion with the trial court and will be reversed only upon a showing of manifest abuse of discretion. A manifest abuse of discretion occurs only when no reasonable person would take the view adopted by the trial court. *Koppang v. Hudon,* 36 Wn. App. 182, 187, 672 P.2d 1279 (1983).

Here, Guerrero's affidavit was offered to show that Crescent Harbor did not seek permission to use and access the well and that she allowed this use because she believed the corporation exercised a claim of right. The trial court found this information relevant to the adversity of Crescent Harbor's use. We hold this finding was not an abuse of the trial court's discretion.

Lyseng also argues that the trial court's finding that Crescent Harbor holds an implied easement in the well and water system is not supported by evidence in the record.

The elements of an implied easement are: (1) former unity of title and subsequent separation; (2) the presence of a prior apparent and continuous quasi easement existing for the benefit of one part of the estate to the detriment of another; and (3) a certain degree of necessity for the continuation of the easement. *Hellberg v. Coffin Sheep Co.,* 66 Wn.2d 664, 667–68, 404 P.2d 770 (1965); *Adams v. Cullen,* 44 Wn.2d 502, 505, 268 P.2d 451 (1954). Satisfaction of the unity and separation factor is essential for a finding of an implied easement. *Adams,* at 505.

Viewing the affidavits and documentary evidence before

the trial court in the light most favorable to Lyseng, we are unable to find the unity of title necessary for a finding of an implied easement. We have searched the record, and except for Crescent Harbor's attorney's unsworn assertions as to unity of title, we find no evidence the original owners of Lyseng's property, McPhee and Massey, owned any property other than that parcel. The trial court therefore erred in finding Crescent Harbor holds an easement by implication. Because we find an easement by prescription was properly granted, however, our disposition of this question does not affect the outcome of this appeal.

### BONA FIDE PURCHASER STATUS

Lyseng last contends that he qualifies as a bona fide purchaser of the property, and that as such, his title to the property is unencumbered by an unrecorded claim of implied or prescriptive easement. Crescent Harbor contends an easement obtained by prescription or implication may be enforced against a subsequent purchaser, regardless of his or her status as a bona fide purchaser.

It is well settled that title acquired by adverse possession is not affected by the recording statutes. In *Mugaas v. Smith*, 33 Wn.2d 429, 432–33, 206 P.2d 332, 9 A.L.R.2d 846 (1949), the Supreme Court emphasized that if the transfer of a servient tenement to a bona fide purchaser without notice is sufficient to extinguish title by adverse possession, then claimants under the adverse possession statute, however they may have perfected their rights, "must keep [their] flag flying for ever, and the statute ceases to be a statute of *limitations*." The court concluded that it was therefore appropriate that the recording acts "relate exclusively to written titles." *Mugaas*, at 432 (quoting *Schall v. Williams Vly. R.R.*, 35 Pa. 191, 204 (1860)). In *Williams v. Striker*, 29 Wn. App. 132, 627 P.2d 590 (1981), this court applied the *Mugaas* rule to title obtained under the vacant land statute, RCW 7.28.080. In adopting *Mugaas*, the *Williams* court reasoned:

If no one could successfully invoke the vacant land statute except one who could have discovered that the seller's title was questionable by examining the public records, then a claim of title under the statute would never be available because no one but a person with valid legal title would be entitled to ownership, and such person would have no need to claim under the statute. *Thurmond v. Espalin,* 50 N.M. 109, 115–16, 171 P.2d 325, 329 (1946); 2 C.J.S. *Adverse Possession* § 209(b), at 934 (1972).

*Williams,* at 137.

The courts' reasoning in these cases applies equally well to prescriptive easements. An easement by prescription is not subject to recordation and would be of little value if it were extinguished by a transfer of the servient estate. Thus,

It is a recognized principle that a bona fide purchaser of land without actual or constructive notice of the existence of an easement in such land takes title free from the burden of the easement. As stated, this rule is broad enough to include all easements, . . . but an examination of the cases . . . will disclose that while this principle is occasionally relied upon to support a holding that a purchaser of land without notice . . . takes free of [an] easement [by implication], it has rarely, if ever, been interpreted to mean that an easement by prescription once actually in existence can be destroyed by a conveyance of the servient estate even to a purchaser in good faith.

(Footnote omitted.) Annot., *Extinguishment of Easement by Implication or Prescription, by Sale of Servient Estate to Purchaser Without Notice,* 174 A.L.R. 1241, 1243 (1948). We therefore hold that the bona fide purchaser doctrine does not apply to an easement by prescription.

The trial court's judgment for easement is affirmed.

WILLIAMS and WEBSTER, JJ., concur.