Fearing, J.
¶28 (concurring) — I concur in the ruling and the rationale behind the ruling of the majority. I write separately to encourage the state legislature or state high court to renovate and simplify Washington’s doctrine of adverse possession. Adverse possession suffers from archaic and confusing terms. Through the years, the doctrine has garnered a proliferation of inconsistent and overlapping elements.
¶29 As illustrated by this appeal, few legal doctrines cause more confusion than the doctrine of adverse possession. This confusion arises from a dogmatic attachment to a four-part test by Washington courts. The four-part test employs antiquated and muddled words and phrases.
¶30 Under Washington case law, the adverse possession doctrine generally encompasses four elements: (1) open and notorious, (2) actual and uninterrupted, (3) exclusive, and (4) hostile. Gorman v. City of Woodinville, 175 Wn.2d 68, 71, 283 P.3d 1082 (2012). The four-part test results from the compulsion of scholars and judges to make lists of elements and to unnecessarily organize the law. Excessive organization leads to disorder, since human activity does not lend itself to compartmentalization.
¶31 Note that at least two of the elements, (1) open and notorious and (2) actual and uninterrupted, have two com *79 ponents, with the result that the doctrine actually comprises six factors. When one adds the requirement of ten years, the doctrine adopts a seventh element. One Washington decision outlines the doctrine of adverse possession with five elements: a party must show that her possession of the claimed property was (1) for ten years, (2) exclusive, (3) actual and uninterrupted, (4) open and notorious, and (5) hostile. Harris v. Urell, 133 Wn. App. 130, 136, 135 P.3d 530 (2006).
¶32 Although not critical, the order of the elements changes from decision to decision. Courts variously restate the test as: the claimant must show possession that has lasted for ten years and that is (1) exclusive, (2) actual and uninterrupted, (3) open and notorious, and (4) hostile. Acord v. Pettit, 174 Wn. App. 95, 103, 302 P.3d 1265 (2013). To prove adverse possession, the claimant must prove that he possessed the disputed area in a manner that was (1) exclusive, (2) open and notorious, (3) hostile, and (4) actual and uninterrupted for the statutory period of ten years. Teel v. Stading, 155 Wn. App. 390, 393-94, 228 P.3d 1293 (2010). The adverse possession doctrine generally encompasses four elements: (1) open and notorious, (2) actual and uninterrupted, (3) exclusive, and (4) hostile. Gorman v. City of Woodinville, 175 Wn.2d at 71 (2012).
¶33 Other restatements of adverse possession by Washington courts include: the claimant must show use that was open, notorious, continuous, uninterrupted, and adverse to the property owner for the prescriptive period of ten years. Cole v. Laverty, 112 Wn. App. 180, 184, 49 P.3d 924 (2002). This statement of the law separates all elements and adds the constituents “continuous” and “adverse.” The decision does not explain if “continuous” means something other than “uninterrupted.”
¶34 The doctrine of adverse possession formerly required that the claimant take possession in “good faith” and not recognize another’s superior interest. Dunbar v. Heinrich, 95 Wn.2d 20, 23, 622 P.2d 812 (1980); Wickert v. *80 Thompson, 28 Wn. App. 516, 518, 624 P.2d 747 (1981), overruled by Chaplin v. Sanders, 100 Wn.2d 853, 676 P.2d 431 (1984). In Chaplin v. Sanders, 100 Wn.2d at 860-62, the Evergreen State high court discarded the element of good faith. Now the claimant’s subjective belief regarding his or her true interest in the land and his or her intent to dispossess or not dispossess another is irrelevant to the determination of adverse possession.
¶35 In Shelton v. Strickland, 106 Wn. App. 45, 50, 21 P.3d 1179 (2001), this court listed an added element of “claim of right” when declaring: to establish ownership of a piece of property through adverse possession, a claimant must prove that his or her possession of the property was (1) open and notorious, (2) actual and uninterrupted, (3) exclusive, (4) hostile and under a claim of right, (5) for a period of ten years. Despite this exposition of the law, the Supreme Court likely eliminated the element “claim of right” in Chaplin v. Sanders, 100 Wn.2d at 857, when the court jettisoned good faith as an element. This court, in Lilly v. Lynch, 88 Wn. App. 306, 312, 945 P.2d 727 (1997), proclaimed that “a claim of right made in good faith” remains an element of adverse possession and cited Chaplin v. Sanders for this proposition despite the Supreme Court decision overruling good faith as an element thirteen years previous.
¶36 Words used to enunciate adverse possession’s four elements do not carry their contemporary, ordinary meanings. “Notorious” erroneously suggests that only A1 Capone or James Traficant can take property by adverse possession. Nevertheless, “notorious possession,” as applied to the adverse holding of land, means only that the claimant’s claim of ownership is evidenced by such acts and conduct sufficient to put a man of ordinary prudence on notice of the fact that the land in question is held by the claimant as his own. Skoog v. Seymour, 29 Wn.2d 355, 362, 187 P.2d 304 (1947), overruled on other grounds by Chaplin v. Sanders, 100 Wn.2d 853 (1984). “Hostile” improvidently suggests *81 that only Attila the Hun or Muammar Gaddafi can claim adverse possession. Yet, hostility is not personal animosity or adversarial intent. Herrin v. O’Hern, 168 Wn. App. 305, 310-11, 275 P.3d 1231 (2012). “Exclusive” does not mean “exclusive” in adverse possession jurisprudence but exclusive only to the extent one would expect of a titled property owner under the circumstances. Harris v. Urell, 133 Wn. App. at 138 (2006).
¶37 Despite being combined into one element, the terms “actual” and “uninterrupted” are distinct concepts. Actual possession is established only if possession is of such a character as a true owner would make considering the nature and location of the land in question. Young v. Newbro, 32 Wn.2d 141, 144-45, 200 P.2d 975 (1948), overruled on other grounds by Chaplin v. Sanders, 100 Wn.2d 853 (1984). One could possess property as the true owner periodically rather than uninterruptedly.
¶38 “Open” and “notorious” denote distinct concepts. “Open” has many definitions, but the meaning befitting adverse possession is: “completely free from concealment : exposed to general or particular perception or knowledge.” Webster’s Third New International Dictionary 1579 (1993). “Notorious” means: “widely and unfavorably known or discussed for something reprehensible or scandalous or for some negative quality or trait.” Webster’s, supra, at 1545.
¶39 Despite discrete meanings, Washington courts unify the two constructs of “open” and “notorious” as if the words are synonyms. The open and notorious requirement is met if (1) the true owner has actual notice of the adverse use throughout the statutory period, or (2) the claimant uses the land so that any reasonable person would assume that the claimant is the owner. Chaplin v. Sanders, 100 Wn.2d at 863 (1984); Anderson v. Hudak, 80 Wn. App. 398, 404-05, 907 P.2d 305 (1995). No Washington case distinguishes between “notorious” and “open.”
¶40 Hostility remains an element of adverse possession. The element of hostility became problematic in this appeal. *82 Hostility requires that the claimant treat the land as his own as against the world throughout the statutory period. Chaplin v. Sanders, 100 Wn.2d at 860-61; Nickell v. Southview Homeowners Ass’n, 167 Wn. App. 42, 50, 271 P.3d 973 (2012). “Hostility” is not personal animosity or adversarial intent, but instead connotes that the claimant’s use has been hostile to the title owner’s, in that the claimant’s use has been akin to that of an owner. Herrin v. O’Hern, 168 Wn. App. at 311 (2012).
¶41 When courts illuminate the meaning of the various elements of adverse possession, the meanings correspond. In other words, the elements meld. “Actual” possession is the exercise of dominion over the land in a manner consistent with actions a true owner would take. ITT Rayonier, Inc. v. Bell, 112 Wn.2d 754, 759, 774 P.2d 6 (1989). “Exclusive” is defined similarly to “actual,” despite exclusive being an element distinct from actual. Exclusive possession denotes acts indicative of true ownership during the statutory period. ITT Rayonier, Inc. v. Bell, 112 Wn.2d at 759-80 (1989). In order to be exclusive for purposes of adverse possession, the claimant’s possession need not be absolutely exclusive, but the possession must be of a type that would be expected of an owner under the circumstances. Harris v. Urell, 133 Wn. App. at 138 (2006); Crites v. Koch, 49 Wn. App. 171, 174, 741 P.2d 1005 (1987). “Open and notorious” possession also denotes use of the land as if the claimant is the owner. Chaplin v. Sanders, 100 Wn.2d at 863 (1984); Bryant v. Palmer Coking Coal Co., 86 Wn. App. 204, 211-12, 936 P.2d 1163 (1997). “Hostile” requires a showing that the claimant treated the land as his own for the statutorily required period. Acord v. Pettit, 174 Wn. App. at 104 (2013).
¶42 Since all of the four traditional elements of adverse possession lead to the same end of showing possession of the property as if the true owner, the law would benefit by streamlining the doctrine. The “ultimate test” of adverse possession is whether the party claiming adverse possession exercised dominion over the land in a manner consis *83 tent with actions a true owner would take. ITT Rayonier, Inc. v. Bell, 112 Wn.2d at 759; Timberlane Homeowners Ass’n, Inc. v. Brame, 79 Wn. App. 303, 309-10, 901 P.2d 1074 (1995). The doctrine could be encapsulated in one understandable sentence: possession is adverse when the claimant possesses the property for ten years as the true owner would and asking no permission for such use. Kunkel v. Fisher, 106 Wn. App. 599, 602, 23 P.3d 1128 (2001). Such a rule may need refinement in individual circumstances, but, for the most part, the rule suffices. Because of the loose use of words and phrases, the four to seven habitual elements of adverse possession have unnecessarily led to volumes of cases explaining the law of adverse possession. The fixed elements do little, if anything, to add to the core test of adverse possession other than to add a jungle of mumble.
¶43 The evidence on appeal shows that appellants Aalgaard, at least for a portion of the disputed land, possessed the land as the true owner. Dave Aalgaard may have sought cooperation from Eric Deno to establish the boundary line, but Aalgaard did not ask permission in the sense that he sought Deno’s consent to use Deno’s property. Psychology, history, and case law provide no anecdotes of one neighbor granting another neighbor permission to build a home in part on the first neighbor’s property.
¶44 I also question whether the law should protect one who intentionally steals another’s property by exclusive possession over ten years and whether adverse possession should apply to undeveloped land. Neither of these factors are present here. The Aalgaards honestly believed they owned the land on which they built improvements, including their home, and the Supreme Court likely approved the theft of property in the landmark decision of Chaplin v. Sanders, 100 Wn.2d 853 (1984). The Aalgaard and Deno property had previously been designated as residential property and lay in a condition of development.